ALFRED TOSTI, Judgment Creditor, *v.* LUIGI SBANO, Judgment Debtor.

City Court of New York, Special Term, Bronx County, April 11, 1939.

*Henry R. Pellegrino*, for the motion.

*Albert H. Scipione*, opposed.

DONNELLY, J. The judgment herein is for the sum of $144.50. So far as the papers before me show, the only asset possessed by the judgment debtor is an undivided one-half interest, as tenant by the entirety with his wife, in a three-family house, rented.

Title to the property was taken in November, 1938, at the purchase price of $7,500, on which the judgment debtor paid the sum of $1,500 in cash to the seller, Home Owners' Loan Corporation. The judgment debtor and his wife executed and delivered to the seller their purchase-money bond and mortgage in the sum of $6,000, which amount is payable in monthly installments of $47.46. The rent derived from the property is $125 monthly, which includes the rent of the apartment occupied by the judgment debtor and his wife.

Neither the judgment debtor nor his wife is employed in any gainful occupation. For at least two weeks prior to his examination herein on February 10, 1939, the judgment debtor borrowed from his sister-in-law the money with which to buy food. In the affidavit submitted by the judgment debtor on the original motion herein, he lists a number of items, including taxes, water rates, repairs, insurance, coal and loans, which total over $2,000. His only apparent source of income to meet these expenses is the rental derived from the property. No part of the 1939 taxes and water rates has been paid.

The $1,500 down payment by the judgment debtor on the property was part of an award made to him under the Workmen's Compensation Law for an injury to one of his eyes. The injury resulted in the complete loss of vision of the eye.

Section 33 of the Workmen's Compensation Law reads: " Compensation or benefits due under this chapter * * * shall be exempt from all claims of creditors and from levy, execution and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived."

The purpose and intent of the statute are clear enough. It must be and it has been held to exempt from claims of creditors, the compensation or benefits paid to the workman. As was said by CARDOZO, J.: " The fundamental policy of workmen's compensation is a token of intention to be ranked as first and foremost. It is reinforced by others. Section 33 as first enacted was to the effect

that ' claims for ' compensation or benefits were not to be assigned or released and were to be exempt from legal process. By the amendment of 1922, the words quoted are omitted. Under the statute as it now reads, the exemption is affixed to the compensation, and not merely to the claim. The strength of the desire to give protection to the workman is accentuated also by the final words of the section, ' which exemption may not be waived.' " (*Surace* v. *Danna*, 248 N. Y. 18, 22.) In *Matter of Di Donato* v. *Rosenberg* (221 App. Div. 624), Van Kirk, J., speaking for a unanimous court, said: " The statute should be liberally construed in favor of the beneficiary. A place in which to live is an absolute necessity to the family. A home purchased by compensation money was intended to be protected, as well as the money itself, while still in the hands of the beneficiary. The money put into this property may be and is identified as ' compensation or benefits.' "

In *Matter of Stafford* (105 App. Div. 46, 48) the court said: " There should be no appointment [of a receiver in supplementary proceedings] where the proof shows that the judgment debtor has no property applicable to the lien of the judgment, and where it may result in harassing her but without any benefit to the petitioner." In the case just cited it appears that the only asset of the judgment debtor was income from certain premises purchased by the judgment debtor's husband with his pension money; thereafter, he conveyed the property to his wife. She conveyed to her sister, taking back from said grantee a lease for life. Thereafter the said grantee reconveyed said premises by warranty deed to the judgment debtor. It was held that the fee of the premises, purchased with pension money, was exempt from levy and sale by virtue of an execution. So far as the income from the property was concerned, the court said: " Whether by the union of this lesser estate with the fee of the premises the former was merged in the greater, depends upon the intention at the time the conveyance was made. * * * In support of the order of the county judge refusing the application for the appointment of a receiver, it is fair to assume that the statements taken satisfied him that there was a merger of these two estates, and that the purchase price of the fee of the premises was paid from pension moneys of the husband."

On the pending motion, which is for the reargument of a former motion for the appointment of a receiver, and which motion was denied, the only reason advanced by the judgment creditor's attorney for the reversal of the court's decision, is that it is in conflict with the mandatory provisions of section 804 of the Civil

Practice Act, as amended by chapter 605 of the Laws of 1938, in effect September 1, 1938. The statute reads: "At any time after the institution of a proceeding, the court must make an order appointing a receiver of the property of the judgment debtor upon application of the judgment creditor, whether or not it shall appear that the judgment debtor has property applicable to the payment of the judgment."

A statute framed in imperative language may be construed as permissive, where it is evident from the entire act considered as a whole *and from the surrounding circumstances* that it was not intended to receive a peremptory construction. In such a case the term " must " or " shall " will be interpreted in the sense of " may." This is frequently the case where statutes provide for orders to be made by judges; if it appears evident that the judge should exercise a discretion in the granting of the order, the circumstance that the statute provides that the order " must " be granted will not deter him from exercising a discretion and denying the application if justice is thereby promoted. (McKinney's Consolidated Laws of New York, Annotated, book 1, Statutes and Statutory Construction, p. 70, citing *Jenkins* v. *Putnam*, 106 N. Y. 272; *Matter of Thurber*, 162 id. 244; both of which cases were cited with approval in *People ex rel. Lawton* v. *Snell*, 216 id. 527, 533.)

It is fair to assume that the judgment creditor herein seeks only to accomplish a practical result, namely, the satisfaction in whole or in part of his judgment. This may not be achieved by the appointment of a receiver of the property of this judgment debtor when it is shown that the only property he has is exempt from levy, execution and attachment or other remedy for the recovery or collection of a debt. The order appointing a receiver of a judgment debtor's property contains a provision giving to the receiver who duly qualifies the authority to take into his possession any of the judgment debtor's property not exempt by law from levy, attachment or execution. If such an order were made in the present instance it would be a mere idle gesture of no benefit whatever to the judgment creditor. Logical such an order may be in the sense that it was made in obedience to a statute mandatory in form. But to grant it would deprive any judge who made it of his inherent power to exercise his discretion in a case where the interests of justice require him to use it.

The motion for reargument is granted, and upon such reargument the original decision stands, and the pending application to vacate the order made herein March 13, 1939, is denied, with ten dollars costs.