Robert V. Santangelo, J.
In this case, which was tried before the court without a jury, findings of fact and conclusions of law were waived by counsel.
This is an action to recover treble damages for an overcharge of $94.75 a month under a lease of apartment No. 4F at 448 W. 25th Street, New York City for the period from October 1, 1955 to September 30, 1957 at an annual rental of $1,620, payable in monthly installments of $135 a month. The plaintiff alleged that the maximum rent for the housing accommodation *671 was $40.25 a month. The defendant admitted the ownership of the premises, the leasing of the said apartment and the payment of the rental under the lease. He denied the plaintiff’s allegation that the maximum rent for the housing accommodation was $40.25 a month; that he accepted $135 a month willfully and in violation of the New York State Housing Laws, and the Rent and Eviction Regulations and contrary to the amount fixed by the New York Temporary State Housing Rent Commission and the Federal Housing Law, that the plaintiff paid an overcharge of $94.75 during said period in the lease, and that the plaintiff is entitled to treble damages. As and for a separate defense, the defendant alleges that the Statute of Limitations outlaws this action. This action was commenced by summons dated October 17, 1957.
As to this separate defense the court holds that at the commencement of the tenancy, namely October 1, 1955, the Statute of Limitations applicable to an overcharge was a one-year statute. (State Residential Rent Law [L. 1946, ch. 274, as amd.], § 11, subd. 5.)
“ Section 954 of the Code of Criminal Procedure provides: ‘ No part of this code is retroactive, unless expressly so declared.’ (See, also, General Cons. Law [Cons. Laws, ch. 22], § 93.) This is in accord with the general rule for the construction of all statutes which, even in the form of rules of evidence or procedure, substantially affect the liability of parties, as we have recently held in Campbell v. New York Evening Post (245 N. Y. 320). Statutes of limitations are so construed, except where the contrary legislative intent is clearly shoxvn.” (People v. Cohen, 245 N. Y. 419, 421.)
The amendment of the Statute of Limitations which became effective on July 1, 1957, by the language of the Legislature hereinaboxm set forth did not impair any existing right or remedy.
Did the defendant willfully xdolate the provisions of the New York State Housing Laxvs and the Rent and Eviction Regulations and contrary to the amount fixed by the New York Temporary State Housing Rent Commission and the Federal Housing Laxvs 1 The court ansxvers this in the negative under all the facts and circumstances of this cause of action.
The evidence shoxvs that the defendant purchased the building 448 West 25th Street, Nexv York City, on November 16, 1953, an old run-down building consisting of three apartments. The plaintiff’s apartment at that time and prior thereto had been registered at $40.25 a month xvith another tenant in occupancy. It consisted of five rooms, unfurnished and without such services *672 as a heating stove, mechanical refrigeration and electrical outlets. There were two bedrooms, one of which was an inside illegal one without windows. The tenant vacated said apartment, and the defendant owner used and occupied the said apartment from February 4, 1954 for more than one year thereafter to May 1, 1955. The testimony of a man of the cloth, then a seminary student who lived there with the defendant corroborated the defendant of the latter’s bona fide use and occupancy of the said apartment for more than one year after April 1, 1953. The defendant completely rehabilitated the said building by guttering the apartment and renovating it into five rooms, consisting of three bedrooms instead of two, living room and dinette, out of the illegal bedroom, equipped with six closets, 12 new electrical outlets, new refrigeration and stove and all new and modern facilities in said apartment. The brick chimney was completely rebuilt and an adequate heating system established. The old units were torn out and replaced by new plastering, flooring, Idtchen cabinets. In short the apartment, the court finds, was a new one different from the one which had existed in November, 1943 at which time the then landlord registered the apartment at the maximum rent under the O. P. A. regulation at $35 a month, the rent paid on March 1, 1943 by the tenant in possession. The Temporary State Housing Bent Commission fixed a new rent thereafter at $40.25 under section 23 of the regulations. The premises and housing accommodations at the time of the lease beginning October 1, 1955 herein at $135 a month were completely modernized, and according to plaintiff’s testimony were “ brand new.”
The statute provided as follows (§ 11, subd. 5): “ 5. If any landlord who receives rent from a tenant violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received from such tenant, the tenant paying such rent may, within one year from the date of the occurrence of the violation ”.
Thereafter and effective June 30, 1957 the foregoing section was amended (L. 1957, ch. 755) to change the one-year limitation to two years.
The court holds that the one-year Statute of Limitations is applicable in this case and consequently since this action was begun in October, 1957 all occurrences prior to October, 1956 were outlawed. It follows, therefore, that at best only 12 months are involved in this action. The court’s finding is supported by section 16 of the amended statute which says: “ § 16. * * * No existing right or remedy of any character shall be lost or impaired or affected by such enactment.”
*673 (See McKinney’s Cons. Laws of N. Y., Book I, Statutes, §59.) “ [A]nd later courts have said that statutes of limitation will not be given retroactive effect unless legislative intent is clearly shown.”
In People v. Cohen (245 N. Y. 419, supra) at page 421, the Court of Appeals by Pound, J., said that: ‘ No part of this code is retroactive, unless expressly so declared. ’ ” (See, also, General Cons. Law [Cons. Laws, ch. 22], § 93.) This is in accord, with the general rule for the construction of all statutes which, even in the form of rules of evidence or procedure, substantially affect the liability of parties as we have recently held in Campbell v. New York Evening Post (245 N. Y. 320). Statutes of limitations are so construed, except where the contrary legislative intent is clearly shown. ’ ’
Upon the evidence herein the court finds that the apartment in question was decontrolled pursuant to the provisions of the State Residential Rent Law because it was continuously occupied by the owner for the period of one year prior to the date of renting.
The applicable statute reads as follows: “ § 2. * * 2. * * (h) housing accommodations which are rented after April first, nineteen hundred fifty-three, and have been continuously occupied by the owner thereof for the period of one year prior to the date of renting * . 2-a. The landlord of a housing accommodation specified in paragraph (h) or (i) or (j) of subdivision two of this section shall file a report with the Commission within thirty days following the date of the first rental of such accommodation after decontrol.”
The court finds that the requirement contained in subdivision 2-a of section 2, relating to the filing of a report by the landlord did not make such filing imperative, in view of the fact that the statute which required such filing does not prescribe any penalty whatsoever for failure to comply therewith. An examination of the language of the statute clearly shows that it was the intention of the Legislature to provide an automatic decontrol to the landlord who vacated his apartment and made it available to a tenant and that as a matter of information and statistics it required the filing of a “ report ” within 30 days following the date of first rental of such accommodation after decontrol.
It is the court’s opinion that in the light of the legislative intent and the facts and circumstances of this case, the proper construction of the law is that:
(1) The Legislature, in enacting the 1953 amendment decontrolling such apartments, when owner occupied, intended to *674 liberalize and restore to such owners occupying the premises continuously for one year before the renting to the plaintiff, regardless of type of ownership, a portion of the common-law right of freedom of possession and use of property ;
(2) The requirement that the landlord “ shall file a report with the commission within thirty days following the date of the first rental of such accommodation after decontrol” is a nonimperative requirement and that failure to comply therewith did not penalize the landlord, or vitiate an automatic decontrol of the housing accommodation by operation of law.
In Matter of Woolcock v. Temporary State Housing Rent Comm. (2 Misc 2d 1045) at page 1047, the Supreme Court, Kings County, Mabtttscello, X, said: ‘ Statutes in derogation of the common law are strictly construed and, as a general rule, to the end that the common-law system be changed, only so far as required by the words of the act. ’ ’
In McKinney’s Consolidated Laws of New York (Book 1, Statutes, § 231, p. 292) it is stated: “But the force of words and phrases, like other questions of interpretation, is to be determined in accordance with the intent of the lawmakers; and when the intent is obvious a single word or expression may be disregarded as of no force.”
The Legislature intended to decontrol the subject housing accommodations, if the owner occupied the premises continuously, for one year before the renting to the plaintiff. This was an absolute and unconditional decontrol. The court should not invoke a penalty which does not exist in the statute and was not intended by the Legislature.
The courts have uniformly held that construction of an act which results in one part thereof nullifying another should be avoided. (See Rueffer v. Department of Agriculture, 166 Misc. 430.)
The court construes the words ‘ shall file a report ” to be nonimperative and without penalty. The words ‘ ‘ shall ’ ’ and “must” when found in a statute are not always imperative. (Matter of Thurber, 162 N. Y. 244; Matter of State of New York, 207 N. Y. 582.)
In Escoe v. Zerbst (295 U. S. 490) Mr. Justice Cardozo declared: ‘ ‘ The defendant ‘ shall ’ be dealt with in a stated way; it is the language of command, a test significant, though not controlling. Richbourg Motor Co. v. United States, 281 U. S. 528, 534.”
Doubt, however, is dispelled when we pass from the words above to a view of ends and aims. Applying the foregoing language of Justice Cardozo to this case, “ the ends and aims ” *675 of the legislative intent were positive, precise and clear ■ — to decontrol the housing accommodations because of owner-occupancy.
In Matter of Katkourski v. La Guardia (174 Misc. 886, 887) Pécora, J., said: ‘ ‘ The use of the language ‘ shall appoint ’ need not necessarily be construed as ‘ must appoint. ’ ”
In Tosti v. Sbano (170 Misc. 828, 831) this court held: “ A statute framed in imperative language may be construed as permissive, where it is evident from the entire act considered as a whole and from the surrounding circumstances that it was not intended to receive a peremptory construction. In such a case, the term must ’ or ‘ shall ’ will be interpreted in the sense of ‘ may. ’ ”
The court is satisfied that the premises were decontrolled by reason of owner-occupancy. However, under the facts and circumstances of this case the defendant should also prevail because the old regulation was for an entirely different housing accommodation than the one rented by the defendant to the plaintiff. It was incumbent upon the plaintiff to prove that the housing accommodation was the same as the housing accommodation rented. It was also incumbent for the plaintiff to prove that the defendant “violates a regulation or order prescribing the maximum rent with respect to the housing accommodations for which such rent is received from the tenant.” The plaintiff failed to do this. The court finds that the apartment leased was a new up-to-date completely modernized apartment rehabilitated at considerable cost to the landlord, and was entirely different from the obsolete apartment in a run-down tenement for which the registration was filed in November, 1943. It may be that a rent once fixed for a particular housing accommodation is controlling until some other rent therefor is fixed; but that does not aid plaintiff because that simply means that the rent once fixed remains controlling as to the accommodation as to which it was fixed. It does not mean that it controls as to a different accommodation, and the point here is that this apartment which was ‘ ‘ brand new and completely modernized ” is a different accommodation from the same apartment which was registered in November, 1943. The court, therefore, holds that in the absence of showing that the housing accommodation leased was the same accommodation that was registered in November, 1943, the plaintiff cannot recover. The evidence in this case submitted on behalf of the defendant clearly indicates that the landlord was not trying to receive a greater amount of rent for the same accommodation which was registered. It was entirely a different housing accommodation. Clearly the defendant’s conduct was *676 neither willful nor the result of failure to take practical precautions against the occurrence of the violation and accordingly the plaintiff’s claim for treble damages cannot be allowed. (Bona v. Tabone, 103 N. Y. S. 2d 432; Powell v. Park Lex. Realty Corp., 280 App. Div. 136.)
In the light of the reasons hereinbefore assigned, the court finds for the defendant, and the plaintiff’s complaint is accordingly dismissed on the merits. The court directs the clerk to enter judgment accordingly.
Ten days’ stay.