■ In the Matter of FRANK EGITTO, Appellant, v. PAUL D. McGINNIS, as Commissioner of the Department of Correction, et al., Respondents.— Petitioner appeals from an order of the Supreme Court which dismissed the petition in a proceeding under article 78 of the Civil Practice Act. Petitioner sought an order directing that service of a sentence for a second felony conviction begin as of the date of imposition thereof. On January 28, 1946 petitioner was convicted of robbery, second degree, and sentenced to a term of 5 to 10 years. On June 7, 1950 he was released on parole, owing 4 years, 11 months and 4 days on his maximum sentence. On June 6, 1951, while on parole, he was convicted of a second felony (robbery, second degree, while armed), and sentenced as a second felony offender for a term of 7½ years minimum and 15 years maximum, and an additional sentence of 5 to 10 years under section 1944 of the Penal Law, or a total sentence of 12 years, 6 months minimum and 25 years maximum. Peti-

tioner, having been convicted of a felony while on parole, was compelled to serve the balance of his maximum term under the 1946 sentence, amounting to 4 years, 11 months and 4 days from the time of his release on parole on June 7, 1950. (Correction Law, §§ 219, 242.) Thus his maximum sentence on the 1946 conviction did not expire until May 19, 1956, and service on his sentence on the 1951 conviction did not start until that date. (Penal Law, § 2190, subd. 2.) Petitioner relies upon chapter 473 of the Laws of 1960, effective July 1, 1960, which, in effect, gave discretion to the Parole Board in respect to the service of delinquent time (which had theretofore been mandatory) where a person on parole is convicted of a second felony. However, chapter 473, by its express terms is not retroactive, providing, in part, that the act "shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time". Such is petitioner's status. Order unanimously affirmed, without costs.