Scileppi, J.
Petitioner was sentenced in the Onondaga County Court on April 18, 1949 to a term of from 2 to 10 years. Thereafter on May 16,1950 he was released on parole, owing 8 years, 6 months and 14 days on his sentence. On August 30, 1955 petitioner was declared delinquent because of the commission of a felony while on parole. He was returned to prison on November 30, 1955, and compelled to serve 8 years, 6 months and 14 days of delinquent time as computed from the date of his release on parole, as required by section 219 of the Correction Law as then in effect, before beginning to serve the new sentence of 5 to 10 years imposed by the Cortland County Court for the felony committed while on parole.
On April 12, 1960 chapter 473 of the Laws of 1960 was enacted, to be effective July 1, 1960. Among other things, it repealed section 219 of the Correction Law, adopting however a new section 219, and amended section 218 thereof. The new section 219 in pertinent part provides: “If any person be convicted in this state of a crime or offense committed while on parole from an institution under the jurisdiction of the *225 commissioner of correction and if he be sentenced therefor to such an institution he may, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve in such institution, the portion remaining of the maximum term of the sentence on which he was released on parole calculated as provided in section two hundred eighteen of this article.”
Section 218 was amended to provide in substance that the delinquent time remaining to be served by a parole violator be computed from the date of the declaration of delinquency by the Board of Parole and not from the date of release on parole.
Section 5 of chapter 473 of the Laws of 1960 provided: “ The amendments made by this act shall apply to all prisoners serving delinquent time on the effective date of this act for a felony committed in this state or for a crime committed under the laws of another state, government, or country which if committed in this state would be a felony. Such amendments shall not apply to prisoners who upon the effective date of this act have completed service of such delinquent time, nor to prisoners who upon the effective date of this act are serving delinquent time concurrently with a term imposed for a felony committed on parole.”
The Commissioner of Correction in implementing the 1960 amendment reviewed the sentences of all prisoners then serving delinquent time, recomputed the delinquent time owed in accordance with the new section 219 and the amended section 218, and directed that all prisoners whose delinquent time as recomputed would have expired on or before July 1, 1960, the effective date of the 1960 amendment, be deemed to have commenced service of their new sentences on that date.
Petitioner, as a prisoner “ serving delinquent time on the effective date ” of chapter 473 of the Laws of 1960, commenced the instant article 78 proceeding, contending that a recomputation of his delinquent time pursuant to article 8 of the Correction Law as amended would show that he owed only 3 years and 3 months of such time when he returned to prison on November 30, 1955; therefore, the maximum on his original sentence would have expired on February 28, 1959, and that under the new section 219 he was entitled to have the last-mentioned date mark the commencement of the service of his new sentence.
*226 The Supreme Court granted petitioner relief to the extent of directing recomputation of the original sentence, which, as recomputed, would have expired on February 28, 1959, which date was to mark the commencement of the service of the new sentence. The Appellate Division affirmed the Supreme Court determination.
The question on this appeal is simply: What is the proper construction and application of chapter 473 of the Laws of 1960?
Section 129 of McKinney’s Statutes (McKinney’s Cons. Laws of N. Y., Book 1, Statutes) provides: “ Where the question is one of specific application of a broad statutory term in a proceeding in which the agency administering the statute must determine it initially, the reviewing court’s function is limited. The administrative determination as to construction of a statute is to be accepted by the court if it has warrant in the record and a reasonable basis in law, and judicial function is exhausted, where there is found to be a rational basis for the conclusions approved by the administrative body. ’ ’
A general rule of construction is that statutes “ are to be construed as prospective only, unless a clear expression of intent to the contrary is found ” (Matter of Ayman v. Teachers’ Retirement Bd., 9 N Y 2d 119, 125).
A reading of the statute here indicates there is no “ clear expression of intent ’ ’ that it be retroactive. Furthermore, a postponement of the effective date of a statute, as in this case, is some evidence that the Legislature never intended it to be retroactive (Matter of Kaufman, 158 Misc. 102, 106). The Commissioner of Correction has construed the statute here to be essentially prospective by giving it effect with regard to the service of delinquent time after the effective date thereof. This construction, we would conclude, is under the circumstances reasonable and rational. Moreover, chapter 473 of the Laws of 1960 was enacted upon the recommendation of the Commissioner of Correction; thus in construing and applying said statute the Commissioner was bound to effectuate the purpose of the Legislature (Matter of Hotel Assn. of New York City v. Weaver, 3 N Y 2d 206, 211). Nowhere is there any indication that the intent of the Legislature was to let service of a second sentence begin antecedent to July 1, 1960, the effective date of the statute.
*227 The complete retroactive construction as to application and effect placed upon the statute by the courts below not only is contrary to the rules of construction, but could operate to change what was a legal sentence into illegal detention in a situation where a prisoner serving delinquent time on the effective date of the statute had no new sentence to serve in this State.
The reliance by the court below on People v. Oliver (1 N Y 2d 152), involving the criminal conviction of a child, is misplaced. There, the statute was not truly given retroactive effect in that, although the acts were committed prior to the enactment of the statute, which relieved a child of criminal responsibility, the trial and conviction of the defendant came after the statute (see McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 51, p. 66)*.
The order appealed from should be reversed and the petition dismissed.
Chief Judge Desmond and Judges Dye, Fuld, Van Voobhis, Bubke and Bebgan concur.
Order reversed, etc.

 People ex rel. Johnson v. Martin (307 N. Y. 713) involved a construction of a statute which more nearly approaches the construction employed by the Commissioner of Correction here.