■ DOLLIS FORBES, Respondent, v. JACOB M. LOMAZOW, Appellant.— In an action to rescind a contract for the purchase of a four-family dwelling and to recover the down payment, defendant appeals: (1) from an order of the Supreme Court, Kings County, dated March 25, 1964, which granted plaintiff's motion for summary judgment; and (2) from the judgment entered thereon April 2, 1964 in the plaintiff's favor. Order and judgment reversed, with $10 costs and disbursements; motion denied, and judgment vacated. The contract between the parties, dated April 29, 1962, specified that the two front apartments had been continuously owner-occupied for at least one year since 1953; that the seller has affidavits substantiating such occupancy; and that the seller will deliver them at the title closing. It is not denied that these contractual provisions constituted a representation that the apartments were decontrolled. Nor is there any denial of the failure to comply with the statute which requires the registration of such decontrol by the filing of a report "within thirty days following the date of first rental of such accommodation after decontrol" (Emergency Housing Rent Control Law, § 2, subd. 2-a; L. 1946, ch. 274, as amd.). Contending that the defendant's representation of decontrol was rendered false by the failure to file the requisite report of such decontrol, plaintiff rejected title and commenced this action to rescind the contract and to recover the down payment. The Special Term sustained this contention and awarded summary judgment to plaintiff. In our opinion, the Special Term was in error. The representation that the apartments were decontrolled did not include the further assurance or representation that a report of such decontrol had been duly filed. Nor, in our opinion, was the truth or propriety of the representation of decontrol impaired by such nonfiling. While the statute (§ 2, subd. 2-a) does require the filing of a report of decontrol, such filing is not the act which effectuates the decontrol; nor is the filing a condition precedent to decontrol. The decontrol is fully effectuated by the owner's actual occupancy of an apartment for the period prescribed by the statute (§ 2, subd. 2, par. [h]; *Giannini* v. *Stuart*, 6 A D 2d, 418, 420; *Ignatow* v. *Dakin*, 13 Misc 2d 670; cf. Rasch, New York Rent Control, 1963 ed., p. 296, State Rent Administrator's Advisory Bulletin No. 1, par. [13]). Hence, to establish the falsity of the representation as to decontrol it is incumbent upon the plaintiff to prove, not a failure to file a report of decontrol, but rather that decontrol was never effectuated by reason of the owner's failure to occupy the apartments in question for the period prescribed by the statute. The issue as to such occupancy and any other issues sought to be raised by the parties should be resolved upon the trial. Beldock, P. J., Kleinfeld, Christ, Hill and Rabin, JJ., concur.