■ In the Matter of FRANCIS SEIBLE, Appellant, v. RUSSELL G. OSWALD et al., Constituting the State Board of Parole, Respondents.— GREENBLOTT, J. Appeal from a judgment of the Supreme Court at Special Term, entered October 8, 1968 in Albany County, which dismissed without a hearing petitioner's application under CPLR article 78 for correction of his parole records. Appellant was convicted on February 4, 1959 in Bronx County of the crime of attempted burglary, third degree and sentenced to a term of 4 to 6 years. He was released on parole on December 17, 1962. On September 5, 1964, while still on parole, he was arrested in Westchester County and charged with robbery, grand larceny, assault and possession of a dangerous weapon. Appellant was declared delinquent by a member of the Parole Board as of September 5, 1964. On July 14, 1965 he was sentenced to Sing Sing Prison for robbery third degree to a term of 5 to 8 years, and was received at that institution on July 15, 1965. On September 23, 1965 the Board of Parole determined that he be held for the balance of the term imposed on the 1959 conviction in Bronx County — a period of 18 months. Appellant contends that since a warrant charging parole violation did not accompany him to Sing Sing Prison, he commenced serving his sentence on the 1964 conviction immediately and the determination of the Parole Board that his earlier sentence would have to be fully served before he could resume serving his second sentence was illegal. Appellant argues that by suspending the second sentence and holding it in abeyance, the Parole Board interrupted a lawful judgment then in full force and effect, in violation of the statutory mandate of former section 2188 of the Penal Law. Section 218 of the Correction Law provides in part: "Whenever there is reasonable cause to believe that a prisoner who has been paroled by the state board of parole, has violated his parole, such board of parole as soon as practicable shall declare such prisoner to be delinquent and such declaration of delinquency shall interrupt such prisoner's sentence as of the date of such delinquency, notwithstanding the provisions of section four hun-

dred seventy-a of the code of criminal procedure and section twenty-one hundred eighty-eight of the penal law. *Such interruption shall continue until the return of such prisoner to an institution under the jurisdiction of the commissioner of correction."* (Emphasis supplied.) Thus it is clear that the Parole Board's declaration of delinquency interrupted appellant's 1959 sentence as of the date of the act of delinquency, which interruption continued until he was returned to Sing Sing Prison (see *People ex rel. Petite* v. *Follette,* 24 N Y 2d 60, 63). The interruption ceased upon his return to prison when he resumed serving the remaining 18 months of his first sentence. The second sentence was not suspended because appellant had not yet begun serving it. Section 218 of the Correction Law contains procedural safeguards designed to protect parole violators. The Parole Board must hold a hearing after the violator's return to prison to determine whether he should be required to serve the time remaining on his first sentence. The Parole Board may, in its discretion, excuse the violator from serving additional time on his prior sentence. Since the provisions of section 218 of the Correction Law were followed, we cannot say, as a matter of law, that the Parole Board abused its discretion by the determination that appellant was required to serve the balance of his first sentence. (Correction Law, § 219.) We have examined appellant's other contentions and find them to be without merit. Judgment affirmed, without costs. Gibson, P. J. Herlihy, Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Greenblott, J.