Harold Hyman, J.
Corporate plaintiff, as admitted by defendants, is licensed by the State of New York as a real estate sales corporation, and plaintiff individual, also as admitted by defendants, is an officer and director of the plaintiff corporation and is a licensed real estate broker. Plaintiffs bring this action against the defendants, all members of corporate defendant and all persons acting under or in aid of and/or in conjunction with defendants, collectively and individually, for a permanent injunction to enjoin and restrain such defendants from suspending plaintiffs from membership in the corporate defendant, from withholding or depriving them of any and all benefits and rights of membership flowing from such membership in the corporate defendant and for damages caused by the alleged wrongful acts of said defendants in such deprivation of membership rights. On the trial plaintiffs withdrew their claim for damages.
The threshold and vital issue, emanating out of the facts in this action, is that of jurisdiction. It arises out of plaintiffs’ claim that corporate defendant failed to afford plaintiffs "procedural due process”.
Corporate defendant, a domestic membership corporation, is composed of a number of real estate brokers who are engaged in real estate activity on the North Shore of Long Island, New York; it was formed and chartered in 1952; plaintiffs (through the medium of their predecessors) were and are charter members thereof; it has a constitution, by which it has been and still is governed, wherein the corporation’s stated object is set forth: "To provide for the use and benefit of the members * * * and their clients, a service under which properties * * * exclusively listed for sale, lease or exchange, in accordance with rules and regulations governing the operation of the Service may be made available to the offices of the * * * members of such service”; and also wherein its corporate *795 powers are set forth, some of which (pertinent to this action) are:
"1. To appoint officers and committees as its operation may require.
"2. To adopt By-Laws not inconsistent with this Constitution and the Rules and Regulations established in connection therewith."(emphasis supplied);
and also wherein provision is made for directors:
"(A) The Service shall be under the direction of a Board of Directors consisting of five (5) elective members. ” (Emphasis supplied.)
"(C) The five (5) elective Directors shall be elected by ballot by the members of the Service”.
Corporate defendant, in accordance with and by the power vested in its constitution, adopted by-laws, among the provisions of which are contained some that are important in the consideration of the facts of this action, namely:
"V. Powers of the Board.
"To appoint * * * the members of such committees as may be necessary and prescribe the duties thereof (emphasis supplied) * * *
"To exercise any and all of the powers of the Service not expressly reserved to the members.”
It also adopted rules and regulations in connection with such by-laws, among which those pertinent to this action are:
"Rights of Membership — Members of the Service shall, subject to the provisions of the Constitution, By-Laws, and these Rules and Regulations, have the following rights and privileges in the Service * * *
"(2) To participate in the Multiple Listing Service Fund of the North Shore Multiple Listing Service, Inc.
"(3) To file with and receive from the Service, listings of properties for sale, exchange or lease.
"Termination of Membership. * * *
"A member who is expelled from membership in the Service for any reason, shall terminate his membership and forfeit his participating interest, if any, in the Multiple Listing Fund * * *
"The membership of a member who has been suspended * * * shall be terminated and his participating interest * * * in the Multiple Listing Fund * * * shall be forfeited.

*796
"Ethics Committee.

"The Ethics Committee shall consist of five (5) members, who shall be appointed by the Board of Directors * * *. All matters pertaining to Ethics shall be referred to the Ethics Committee for consideration. The Ethics Committee shall be guided by the Rules and Regulations of the Service * * *
"Upon receipt of a written complaint or charge against a member of the Service, the Ethics Committee, if it deems the subject of such complaint within its jurisdiction and otherwise an appropriate matter for investigation, shall communicate the substance of the same to the member against whom such complaint is made, and such member shall be given a reasonable opportunity for submitting to the Committee, in writing, any statement in respect thereto * * * If the Committee shall thereafter determine such complaint to be worthy of further consideration, it forthwith may cause written notice of the charges to be served upon or mailed to the member complained of and said member shall be required to appear in person before the Ethics Committee * * * to present a defense or explanation, at a time and place specified in said notice * * * The Ethics Committee shall make necessary rules for the conduct of such cases, subject to the approval of the Board of Directors of the Service * * *
"After a hearing on a complaint, or after the failure of the accused member to appear, the Ethics Committee * * * shall draft a written report of its findings and recommendations * * * submitted to the Board of Directors
"If the Board of Directors accept and approve the findings of the Ethics Committee they shall then admonish, suspend, fine or expel such member * * *
"The penalty for refusal to comply with an order to attend an Ethics Committee hearing shall be suspension or expulsion, or such other penalty as * * * the Board may direct. ” (Emphasis supplied.)
It is claimed by plaintiffs that a large part of their business and income is received as a direct result of their association with defendant corporation and that they are being deprived of such income and of their rights as members by reason of their illegal and unlawful suspension from membership.
The thrust of plaintiffs’ claim is the failure of defendants to afford them "procedural due process”, thereby depriving defendants of jurisdiction to hold a lawful "hearing” upon which *797 any determination or recommendation could be made, leading to the ultimate penalty imposed upon them.
The facts leading to plaintiffs’ contention are briefly as follows.
A complaint was filed by a comember of the defendant corporation against plaintiffs; this resulted in the appointment by the board of directors of an ethics committee to examine into the facts and to conduct a hearing and thereupon make its report, findings and recommendations to said board.
Accordingly, due notice of a hearing to be conducted was given to plaintiffs together, it is assumed, with the charges involved; no claim otherwise has been raised by plaintiffs.
On the date, time and at the place of the hearing, plaintiffs appeared together with their counsel and witnesses. Plaintiffs’ counsel determined from the chairman of the committee promptly upon the opening of the hearing that there were no "written guidelines or written procedures for this inquiry today” and counsel thereupon objected "to any further proceedings without a written procedure available to him [me] that he [I] can see and [I] know will not be changed during the course of this particular inquiry, either by you or by other members of your organization here.” Further stating to the chairman, "I believe you should have * * * a written procedure in detail as to how you will guide this inquiry * * * but without it being in writing, I would object to it.” He thereupon made plaintiffs’ position further clear to the committee by stating, "I object to the outline, Mr. Chairman, and also I object to the jurisdiction of your Board * * * I also believe, without procedure in writing, that I have no other recourse but to object to the jurisdiction of your Committee [Board] * * * as to hearing this”, and again, "I again wish to state to you * * * you are now establishing ground rules at this time, and that’s a ground rule you just decided on a few minutes ago, and * * * I object, without having prior written procedures and rules and regulations to guide me.”
When the chairman of the committee advised plaintiffs’ counsel that he would take the objection under advisement and that "any hearing of any committee cannot prescribe all of the ground rules that he [you] are asking for in detail”, counsel for plaintiffs refused to accept such statement, continued to again raise his objection to the committee’s jurisdiction, and withdrew his clients and himself from the meeting, mak-
*798 ing his final statement, "I don’t intend to have him waive his rights”.
The committee held its hearing and thereafter made its recommendations to the board of directors.
Before finalizing upon the committee report, the board of directors afforded plaintiffs an opportunity to appear before it and to make any statement relative to its deliberations with regard thereto. Plaintiffs appeared with counsel who again immediately made unequivocally clear "that our position at the recent Ethics Committee hearing was that there was no jurisdiction at that particular time and we are not concurring with any change in that particular position today.”
The board of directors accepted and approved the committee’s report and meted out punishment, namely, three months’ suspension from membership and thereafter nine months of probation.
Other issues were raised by plaintiffs at the trial, such as the committee’s makeup, but neither such nor the issue of the merits regarding the ethics complaint have been considered by this court as being necessary for determination since the threshold question, that is, the lack of "procedural due process”, is sufficiently determinative of the present action.
The ethics committee was not a creature of the corporate defendant’s constitution, except derivatively through the powers granted by said constitution "to appoint committees” and "to adopt By-laws not inconsistent with this Constitution and the Rules and Regulations in connection therewith.” The committee therefore did not have any "inherent power” granted to it by constitution or by-laws. There is no provision in the by-laws with regard to any ethics committee, except mention that the board of directors is allowed thereby "to appoint * * * members of such committees as may be deemed necessary, and prescribe the duties thereof. ” (Emphasis supplied.) The ethics committee first finds the possibility of coming into existence in the "Rules and Regulations” of the defendant corporation; but therein its rights are limited and proscribed, stating that it "shall make necessary rules for the conduct of such cases subject to the approval of the Board of Directors”.
How shall the court interpret the meaning of the word "shall” under the present circumstances? Shall it be construed as "permissive” or "mandatory”? What must the court look for?
*799 It has been held in referring to statutes that in the absence of ameliorating or qualifying language or the showing of another purpose, the word "shall” is deemed to be mandatory, the language of command (Gay v Pope & Talbot, 183 Misc 162; Matter of Mulligan v Murphy, 19 AD2d 218, revd on other grounds 14 NY2d 223; People v Ricken, 29 AD2d 192). True, the word has been construed to also mean "may”, permissive, when necessary to sustain an act clearly intended not to receive peremptory construction (Tosti v Sbano, 170 Misc 828). But, here we have a committee, created not by immediate corporate constitutional mandate but only by presumptive permission emanating out of authority created by statute regarding corporate operation placed in defendant’s board of directors. Not a subordination of authority specifically provided for by constitution or by-laws, only a provision contained in its rules and regulations. In other words, the constitution permitted the board of directors, when necessary, to appoint members of committees and to prescribe the duties and powers of such committees.
The constitution and by-laws of the corporation are the "statutes” by which the corporation is regulated and functions and must be adhered to and complied with. In prescribing the duty of the ethics committee, the board of directors required, imposed the duty upon, such committee initially to "make necessary rules for the conduct of such cases subject to the approval of the Board of Directors. ” (Emphasis supplied.) Such "prior approval” of the rules was a condition precedent, first required and clearly apparent from the language of the empowering provision governing that committee. Had the board intended mere "ratification” as defendants suggest, it could have so stated; it would not, for all intents and purposes, impose the making of rules for conducting the hearing subject to the condition precedent of "approval by the Board of Directors”. The intent of prior approval by the board of directors was clear and purposeful; its intent is obvious, namely, to protect the rights of its members not only by providing for "prior notice” but also for prior approval of the rules under which the cases would be conducted. This method of procedure prescribed was salutary in view of the severe economic effect the penalty of "expulsion or suspension” might foreseeably have on its members, as well as possible economic loss from the "fund” which it accumulated for ultimate distribution to its members.
*800 Due process, as we now know it to be, is not merely limited to jurisdiction over the subject matter and/or to jurisdiction of the person. It has moved considerably forward in the law to also include "procedural due process”, the ways of asserting and conducting disciplinary punishment or economic deprivation charges and proceedings fairly and openly, with full legal rights and remedies to be used by the party under attack. (Matter of Gould v Looney, 60 Misc 2d 973, 974.) It is to be noted that in Willner v Committee on Character (373 US 96, 98-99) the court saw fit, at the very outset of its opinion, to pointedly make particular mention that although the rules specifically provide that the "justices of the Appellate Division shall adopt such 'additional rules for ascertaining the moral and general fitness of applicants as to such justices may seem proper.’ Rule VIII-4. The Appellate Division to which petitioner has made application has not promulgated any 'additional rules’ under Rule VIII-4. * * * and that Committee [Committee on Character and Fitness] * * * has not published or provided any rules of procedure” (emphasis supplied), thereby making it quite clear that where the word "shall” is used in procedural due process matters it is mandatory, meaning "must”, as a condition precedent to hearing propriety or legality. It must be obeyed and the ethics committee was duty bound to obey the conditions imposed upon it by the body which created it.
The court believes that the law should be conversant with the times; most particularly so where the economics of the individual is concerned, and where it affects the very welfare of the individual to earn a living from a profession or an industry licensed by and under the jurisdiction of the State to which it owes its initial viability. It is a violation of "due process” not to give notice or not to serve process legally. It is no less a violation of "due process” for one not to be supplied with "procedural due process”, particularly where to do so, particular precautions therefor are specifically provided.
The oral outlining by the chairman of the committee as to what he thought the procedure would or should be without prior approval thereof by the board of directors was, in the opinion of this court, self-defeating. The rules were required to be submitted by the committee for prior approval by the board, not subsequent acquiescence or ratification. Inherent in such a provision is the submission of such proposed rules of conduct "in writing” for the guidance not only of the commit *801 tee but also for all participants. In similar context to the suggestion of defendants that the rules were orally suggested and therefore constitute compliance, it has been stated, "Where the notice is oral * * * there is too great a danger that the hearing will be enlarged to include material beyond the scope of the original charge.” (Matter of Bones v Warden, New York City Correctional Inst. for Men, 77 Misc 2d 617, 619.)
"Due process” means fair play. The rights commensurate therewith are not limited or proscribed. They not only mean the right to be heard, the right to confront one’s accuser, the right to be informed of the charges, but also mean in an association of licensed professional men such as this where the economics of the members are seriously involved and where the ultimate penalty for violating the constitution, by-laws or rules and regulations may result in punishment of expulsion or suspension from membership, the unqualified right of the members existing by their corporate constitution to have "the method of procedure prescribed by the Constitution and bylaws of the association must be followed and all their requirements observed” (Williamson v Randolph, 48 Misc 96, 98; Hutchinson v Lawrence, 67 How Prac 38, 55) and, where the proceeding is void by reason of lack of jurisdiction in the corporation to conduct same and to make an order with regard thereto, redress by direct appeal to the courts may be sought (People ex rel. Deverell v Musical Mut. Protective Union, 118 NY 101, 108; Kohler v Klein, 39 Misc 353, 354).
It is further worthy of note that in People ex rel. Deverell v Musical Mut. Protective Union (supra, p 108), the court stated: "The purpose of the by-laws made pursuant to the authority given by the statute, was to preserve the rights of the members of the defendant against arbitrary action to their prejudice; and the board of directors as a quasi judicial body, could not effectually expel a member without giving him all the opportunities for defense provided by the by-laws having relation to a proceeding for such purpose, and so far as the requirements in that respect are not waived they must be substantially observed. (Loubat v Leroy, 40 Hun 546, 552 and cases there cited; People ex rel. Merscheim v M.M.P. Union, 47 Hun 273; Wachtel v N.W. & O. Benevolent Society, 84 NY 28.) And when a proceeding in disregard of such jurisdictional provisions results in the expulsion of a member, he may for his reinstatement have a remedy by mandamus.”
*802 This court finds that plaintiffs did not receive and were deprived of "due procedural process” to which they were entitled by their own corporate defendant’s constitution, bylaws, and rules and regulations; that such "due procedural process” was jurisdictional, a condition precedent to the viability of the proposed hearing; that plaintiffs timely asserted such jurisdictional defect and did not participate in or submit themselves to the jurisdiction of the committee for the purposes of the initial proceeding and made such continued objection clear before the board of directors to which they were summoned for sentence thereafter; that at no time did plaintiffs waive nor are they estopped from asserting any such right.
Plaintiffs are therefore entitled to judgment against defendants vacating the hearing of the ethics committee and permanently enjoining said defendant corporation, by its board of directors or otherwise, from expelling, suspending, admonishing, fining or otherwise punishing plaintiffs based upon the hearing held by the ethics committee of said corporate defendant on November 26, 1974 and, upon any findings made and reported thereon by said committee to the corporate defendant’s board of directors; that said hearing afore-mentioned and the findings and report made thereon by said committee are vacated as being void and of no valid force or effect for any purpose whatsoever; that plaintiffs are to be restored to membership in the corporate defendant forthwith, with all commensurate benefits, rights and privileges thereof, and, that plaintiffs are entitled to statutory costs of this action.