■ In the Matter of ALLEN HODGE, Appellant, v ROBERT J. HENDERSON, as Superintendent of the Auburn Correctional Facility, et al., Respondents. —Judgment unanimously affirmed. Memorandum: On June 4, 1963 appellant was sentenced to an indefinite reformatory term not exceeding five years following his conviction by a plea of guilty to attempted assault, second degree, during the course of which sentence he was subsequently paroled. As the result of further criminal activity while on parole, appellant was sentenced on July 19, 1967 to concurrent terms of 20 to 40 years for robbery, first degree, and 15 to 30 years for robbery, second degree. Pursuant to former section 219 of the Correction Law, on August 22, 1967, by determination of the State Board of Parole, appellant was compelled to complete service of the remaining portion of the maximum five-year term imposed on the 1963 conviction, being 1 year, 5 months and 22 days delinquency, the completion date of which sentence was January 16, 1969. In computing appellant's eligibility for parole under the 8 year, 4 month minimum period of imprisonment provision of subdivisions 3 and 4 of section 212-a of the Correction Law, respondents' calculation runs from January 16, 1969, the date of appellant's completion of the five-year 1967 sentence, as extended by service of his delinquent time, and commencement of the concurrent 1967 sentences. Appellant, by his petition in an article 78 proceeding, contends that such time computation is erroneous and that it should properly run from June 4, 1963, the commitment date of appellant's 1963 conviction sentence, citing section 212-a (subd 4, par [b], cl [ii]) of the Correction Law which provides: "(b) Where an inmate is under more than one sentence, * * * and (ii) if the sentences run consecutively, the minimum periods of imprisonment shall merge in and be satisfied by service of the period that has the longest unexpired time to run". To resolve the issue as

to the applicability of the foregoing provisions of section 212-a of the Correction Law to appellant's situation, reference must be made to former section 219 of the Correction Law, which, relative to this appeal, provides: "If any person be convicted in this state of a crime or offense committed while on parole from an institution under the jurisdiction of the commissioner of correction and if he be sentenced therefor to such an institution he may, in addition to the sentence which may be imposed for such crime or offense, and before beginning to serve such sentence, be compelled to serve in such institution, the portion remaining of the maximum term of the sentence on which he was released on parole calculated as provided in section two hundred eighteen of this article." While section 219 of the Correction Law was repealed by section 44 of chapter 476 of the Laws of 1970, it was specifically provided in the repealing statute that the provision of section 219 shall continue to apply to cases where the sentences involved are for an offense committed prior to the effective date of the Penal Law (Sept. 1, 1967) as enacted by chapter 1030 of the Laws of 1965, as amended. Such being the status of appellant's June 4, 1963 sentence, the provisions of former section 219 of the Correction Law are applicable and, in effect, delayed commencement of service of appellant's 1967 concurrent terms until completion of service of the 1963 sentence, i.e., January 16, 1969 (*Matter of Mulligan v Murphy,* 14 NY2d 223; *Matter of Seible v Oswald,* 32 AD2d 696; *Matter of Egitto v McGinnis,* 12 AD2d 686; *Matter of Kenney v New York State Bd. of Parole,* 230 NYS2d 451, affd 18 AD2d 1053). At the time of the effective date of section 212-a of the Correction Law on May 22, 1972, appellant's service of the 1963 sentence had been completed and he was then serving *only* the concurrent sentences imposed on the 1967 convictions. Computation of appellant's parole eligibility under subdivisions 3 and 4 of section 212-a of the Correction Law, therefore, properly runs from the date of commencement of the concurrent terms, i.e., January 16, 1969. (Appeal from judgment of Cayuga Supreme Court denying petition in article 78 proceeding.) Present—Cardamone, J. P., Simons, Mahoney, Goldman and Witmer, JJ.