Leon Deutsch, J.
Petitioner, mother, commenced this custody proceeding on March 22, 1976 against the Commissioner of Social Services, seeking the return of her child, Tameeka. *243 The commissioner obtained custody of the child by way of a voluntary surrender by the child’s father on May 23, 1975. The surrender was approved in a Section 358-a proceeding commenced on July 9, 1975 and concluded on February 24, 1976. At the time of the surrender, the petitioner was apparently hospitalized. Petitioner, in the instant proceeding seeks a determination by the court that she is summarily entitled to the return of her child upon demand without any court determination as to the best interests of the child. The court must respectfully disagree.
Subdivision (7) of section 358-a of the Social Services Law provides, in pertinent part, as follows: "If [a surrender] instrument provides for the return * * * of a child * * * upon any terms and conditions or at any time, the social services official shall comply with such terms of such instrument without further court order.”
The surrender instrument herein, signed by the father, contains the following statement: "I anticipate placement will be required for no longer than_week(s) month(s), I understand that when the reason for placement no longer exists I should ask for the child’s return and that the Commissioner will return the child, provided that the Commissioner is satisfied that I am able to care for the child.”
According to the nature of the instrument here involved, which did not fix a date for the return of the child, the statute would place the onus on the parent to commence a proceeding to regain custody.
Petitioner argues that applicable herein is a recent amendment to the Social Services Law (§ 384-a), which provides that a child whose care and custody is transferred to an agency by a written instrument, must be returned to its parent within 10 days of a written demand therefor unless the agency in the interim obtains a court order to the contrary. It is clear that a surrender instrument which forms the basis for a section 358-a proceeding is one involving a transfer of "care and custody” and is, therefore, subject to the new law. However, it does not appear that the recent amendment governs in the instant case.
Thus, it is provided in section 8 of chapter 710 of the Laws of New York of 1975 that section 384-a shall take effect on the 90th day after it shall have become a law, to wit, November 7, 1975. The postponement of the effective date of the new law is some evidence that the Legislature did not intend it to have *244 retroactive effect. (Mulligan v Murphy, 14 NY2d 223.) Furthermore, the section itself states that it is to be applicable to written instruments executed "in accordance with the provisions of this section.” The instrument herein was executed prior to the enactment of the statute and, therefore, not in accordance with its provisions. Finally, rather than being remedial in nature, the statutory provision appears to establish a new procedure for voluntary and temporary transfers of custody and care from a parent to an authorized agency, and therefore, may not be considered as an exception to the general rule that statutes are not to be accorded retroactive effect (Longines-Wittnauer Watch Co. v Barnes & Reinecke, 15 NY2d 443).
In light of the foregoing, petitioner’s application for the forthwith return of her child is denied. A hearing regarding custody will be held on the adjourned date of September 10, 1976.