■ RUDOLPH WIRTH, Individually et al., Appellants, v FREDERICK DE VITO, Respondent. — In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Beisheim, J.), entered October 9, 1980, which was in favor of the defendant, upon a jury verdict. Judgment reversed, on the law, and new trial granted, with costs to abide the event. The Trial Judge committed reversible error by refusing to charge the jury that defendant could be found liable on the alternate theories of creation of a hazardous condition or the failure to warn of the existence, of certain potentially dangerous conditions (cf. *Cook v Rezende,* 32 NY2d 596; *McCabe v Mackay,* 253 NY 440). Mollen, P. J., Titone and Rubin, JJ., concur; Weinstein, J., dissents and votes to affirm the judgment.

■ SAMUEL WITTLIN, Appellant, v RENT CONTROL DIVISION, DEPARTMENT OF HOUSING PRESERVATION AND DEVELOPMENT OF THE CITY OF NEW YORK, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to review a determination of the city respondents denying petitioner's protest of a finding that a certain apartment is subject to rent control, petitioner appeals from a judgment of the Supreme Court, Kings County (Monteleone, J.), dated March 13, 1981, which dismissed the proceeding. Judgment reversed, on the law, without costs or disbursements, and petition granted to the extent of annulling the determination, and the rear apartment in question is held to be decontrolled effective November 1, 1962. Petitioner occupied a rear second-floor apartment of a four-family house for a period of more than three years. He then vacated that apartment and moved to the front apartment on the second floor, renting the vacated apartment to a tenant as decontrolled. Petitioner did not file a timely report of statutory decontrol as required by the city respondents. In 1967 petitioner filed a decontrol report for the front apartment and it was granted. In 1975 petitioner filed a report of decontrol for the rear apartment originally occupied by him. The tenant of that apartment objected arguing that petitioner had failed to file a timely report of statutory decontrol. On June 5, 1980, the city respondents issued an order "to revoke report of decontrol" as to the rear apartment. On reconsideration petitioner argued that the rear apartment was decontrolled in 1962, but this argument was rejected by the city respondents. Petitioner then commenced the instant article 78 proceeding. Special Term denied petitioner relief stating that he was bound by his choice of the front apartment in filing a report of owner-occupancy decontrol in 1967. The denial of decontrol for the rear apartment effective November 1, 1962 was error. The Emergency Housing Rent Control Law requires a filing of a report of decontrol, with respect to an owner-occupied apartment, but such filing is not the act which effectuates the decontrol; nor is it a condition precedent to decontrol. Decontrol is effectuated by the owner's occupancy of an apartment for the period prescribed by the statute. Therefore, the petitioner's failure to timely file a report of decontrol was not a valid reason for finding that the rear apartment was not decontrolled (see *Forbes v Lomazow,* 22 AD2d 800). Our determination is without prejudice to the city respondents taking such action as may be deemed appropriate with respect to the decontrol of the front apartment. Lazer, J. P., Gulotta, Bracken and Boyers, JJ., concur.