*572 OPINION OF THE COURT
Johnny L. Baynes, J.
The petitioners landlords in this RPAPL article 7 licensee holdover proceeding have moved this Court for an order granting a final judgment of possession by summary judgment pursuant to CPLR 3212, and the scheduling of a hearing to determine an award of use and occupancy pendente lite. Respondents have submitted a cross motion seeking dismissal of the proceeding pursuant to CPLR 3211 (a) (7). Both parties’ attorneys have submitted reply affirmations in opposition to the respective motions.
Upon reviewing the motions, their supporting affidavits and affirmations, and the exhibits annexed thereto, and after hearing oral argument, this Court initially makes the following findings based upon the undisputed facts. Petitioners are the owners of the subject premises located at 362 Henry Street, Brooklyn (the Subject Premises), having purchased it from the former owner Long Island College Hospital (LICH). Respondent, Rita Castro, was LICH’s rent-controlled tenant residing in another building located at 100 Atlantic Avenue. In or about 1989, the back wall of a third, adjacent building located at 94 Atlantic Avenue collapsed. Ms. Castro, with the assistance of legal counsel, subsequently entered into a January 8, 1992 agreement with LICH pursuant to which Ms. Castro was moved into the “ground floor” of the Subject Premises (the LICH Agreement). The LICH Agreement expressly provides that the move was “at the request and for the convenience of LICH,” and that the rent was being “set at $58.00 per month, commencing as of the first day of the month following the date of move-in.” LICH further agreed: to register the ground floor apartment with the New York State Division of Housing and Community Renewal (DHCR) as a rent-controlled apartment; to fully renovate said ground floor and make it habitable on or before May 31, 1992; to not seek or request any rent increases based upon the work done or costs and expenses incurred in completing the applicable renovations; and to continue supplying heat and hot water. It was further agreed that upon LICH’s default in timely completing the required renovations, Ms. Castro could stop paying rent at 100 Atlantic Avenue, and would be compensated by LICH in the amount of $500 per month. It is undisputed that respondents now occupy the “ground floor” of the Subject Premises.
The parties apparently agree that all references to the “ground floor” of the Subject Premises and the “basement” of *573 said premises allude to the same space.[1] It is noted that the Subject Premises’ certificate of occupancy describes the “basement” as “Two (2) families.”[2] Said certificate of occupancy further refers to the “first” through “fourth” floors. Accordingly, petitioners’ reference to the “basement/ground level” of the Subject Premises is, for the moment, deemed to be synonymous with respondents’ and the LICH Agreement’s reference to the “ground floor.”
Petitioners initially argued that LICH had failed to register respondents’ tenancy with DHCR as rent controlled in accordance with the LICH Agreement, and that such failure established that she does not possess such a tenancy. Alternatively, petitioners argue that respondents’ failure to insist upon LICH’s registration of their apartment as rent controlled after moving in essentially amounts to a waiver of the provision.
With respect to petitioners’ first argument, respondents have correctly argued that the former landlord’s failure to register the apartment has no bearing upon the determination of whether or not they are rent-controlled tenants. In this regard, the courts have repeatedly held that it is the fact of occupancy and not forms submitted to DHCR that establishes the rent-controlled status of an apartment. (See, e.g., Forbes v Lomazow, 22 AD2d 800 [2d Dept 1964].)
With respect to petitioners’ second, waiver argument, respondents correctly note that petitioners have not identified any statute or case law supporting such an argument. By contrast, respondents have set forth the general rules: that where, as here, rent-controlled tenants relocate “at the request and for the convenience” of a landlord, they retain the protections of the rent control laws (see Matter of Capone v Weaver, 6 NY2d 307, 309 [1959]); that the transferee of real property takes the premises subject to the conditions as to tenancy established by the predecessor (see, e.g., 52 Riverside Realty Co. v Ebenhart, 119 AD2d 452, 453 [1st Dept 1986]); and that actual possession of real property is sufficient to provide notice thereof to prospective purchasers. (Phelan v Brady, 119 NY 587, 591-592 [1890].)
In view of the foregoing, it is the opinion of this Court: that respondents moved into the ground floor/basement of the *574 Subject Premises at the request and for the convenience of petitioners’ predecessor-in-interest; that respondents accordingly retained their rent-controlled status; and that petitioners’ purchase of the Subject Premises was subject to such rent-controlled status.
It is noted that respondents have represented their intention to continue paying the foregoing set rent. Accordingly, petitioners may accept same without prejudice to any other rights that they may possess.
It is further noted that nothing herein prohibits petitioners from seeking to have DHCR adjust or remove respondents’ rent-controlled status. Moreover, it is noted that nothing herein precludes petitioners from attempting to commence a holdover proceeding premised upon respondents’ alleged unlawful occupancy of two apartments in violation of the certificate of occupancy, and both parties should be deemed to have preserved all rights, claims, and defenses in such an action.[3]
For the moment, petitioners’ motion is denied. Respondents’ cross motion is granted solely to the extent that the instant proceeding is dismissed on the basis of this Court’s finding that respondents are tenants of the Subject Premises rather than licensees as indicated in the petition and predicate notices.

. Petitioners note that the LICH Agreement cross-references a floor plan for the Subject Premises, and that respondents’ initial cross motion failed to annex said floor plan. It is now apparently undisputed that respondents’ attorney’s reply affirmation annexes said floor plan.

. It is unclear whether such reference to “Two (2) families” is a reference to one two-family unit, or a reference to two separate two-family units.

. In this latter regard, however, it is noted that while petitioner Judith Widerker’s December 28, 2000 affidavit refers to exhibit “3,” which is alleged to be a “Notice of Violation” reflecting that respondents’ occupancy of apartments 1 and 2 has been unlawful since 1987, in fact, no such notice was annexed to this Court’s copy of the motion. Petitioners’ actual exhibit “3” to this Court’s copy of the motion is a copy of a “Request for Access to Public Records.” Accordingly, petitioners are admonished to verify the existence of any documentary evidence in evaluating their options in view of this Court’s instant decision and order, and to clarify any ambiguity as to the designation of the Subject Premises in the certificate of occupancy.