■ In the Matter of KEVIN JOYNER, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [980 NYS2d 267]—

In a proceeding pursuant to CPLR article 78 to review a determination of the New York State Division of Parole dated February 16, 2011, which, after a hearing, denied the petitioner's application to be released to parole, the petitioner appeals (1) from a judgment of the Supreme Court, Orange County (Slobod, J.), dated March 29, 2012, which denied the petition and dismissed the proceeding, and (2), as limited by his brief, from so much of an order of the same court dated June 26, 2012, as denied that branch of his motion which was for leave to reargue his petition.

Ordered that the appeal from the order is dismissed, without costs or disbursements, as no appeal lies from an order denying reargument; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The petitioner's contention that the amendment to Executive Law § 259-c (4) (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, § 38-b) should be applied retroactively and entitles him to a de

novo parole hearing because his administrative appeal of the respondent's denial of his application for parole was still pending on the amendment's effective date, is without merit. "[S]tatutes are presumptively prospective in their application absent an express legislative intent to the contrary" (*Morales v Gross*, 230 AD2d 7, 9 [1997]; *see Matter of Mulligan v Murphy*, 14 NY2d 223, 226 [1964]; *Nelson v HSBC Bank USA*, 87 AD3d 995, 997 [2011]). "However, remedial legislation should be given retroactive effect in order to effectuate its beneficial purpose" (*Matter of Gleason [Michael Vee, Ltd.]*, 96 NY2d 117, 122 [2001]). Here, the subject amendment to Executive Law § 259-c (4) was enacted March 31, 2011, but not made effective until September 30, 2011 (*see* L 2011, ch 62, § 1, part C, § 1, subpart A, § 49 [f]). The Legislature's six-month postponement of the effective date indicates that it did not intend for the amendment to be given retroactive effect (*see Matter of Mulligan v Murphy*, 14 NY2d at 226; *Matter of Davidson v Evans*, 104 AD3d 1046 [2013]; *but see Matter of Thwaites v New York State Bd. of Parole*, 34 Misc 3d 694, 699 [2011]).

The petitioner's remaining contention is without merit. Mastro, J.P., Rivera, Sgroi and Cohen, JJ., concur.