THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KYLE ARCHER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered January 17, 1985, convicting him of possession of burglar's tools, after a nonjury trial, and imposing a definite sentence of one-year imprisonment.

Judgment affirmed, and case remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (5).

On July 11, 1984, the defendant was arrested after being found inside a parked car. He was thereafter indicted for attempted grand larceny in the second degree and possession of burglar's tools.

On August 1, 1984, while the indictment was pending, the Governor approved the Laws of 1984 (ch 673) which amended Penal Law § 70.15 (1) so that, inter alia, the maximum sen-

tence for most class A misdemeanors, including possession of burglar's tools, was reduced from one year to six months for first-time offenders. The law also amended CPL 340.40 (2) to provide that in New York City, and in the local criminal courts of cities with populations of 150,000 or more, jury trials would not be required in cases where the maximum penalty is six months or less. The effective date of the law was "on the first day of November next succeeding" its approval date, or November 1, 1984, and it was to expire three years later (L 1984, ch 673, § 5).

Subsequent to November 1, 1984, the defendant was tried and convicted of the crime of possession of burglar's tools (Penal Law § 140.35) and, although he argued that the provisions of Penal Law § 70.15, as amended, should be applied to him, he was sentenced to a definite term of imprisonment of one year.

On appeal, the defendant reiterates his argument that Penal Law § 70.15, as amended in 1984, should be applied in his case. We disagree.

The issue of the retroactivity of Penal Law § 70.15, as amended, was considered by the court in *People v Valentin* (129 Misc 2d 365). In holding that the amended statute was not applicable to a defendant sentenced subsequent to the 1984 amendment for crimes committed before the law took effect, Justice Schneier stated, in pertinent part, as follows:

"As a general rule, a statute is not retroactive (General Construction Law §§ 93, 94). * * *

"Ameliorative modifications of penal statues, however, have long been recognized as an exception to this rule *(People v Roper,* 259 NY 170 *[rearg denied* 259 NY 635]; *People v Oliver,* 1 NY2d 152), since they often reflect the judgment of the Legislature that prior sanctions were 'unduly harsh' *(People v Oliver,* 1 NY2d 152, 163, *supra).* A mere reduction of a sentence will not give a penal statute retroactive effect absent some indication of such a legislative judgment *(see, People v Oliver, supra).*

"Neither the provisions of Penal Law § 70.15, nor its legislative history, reveals a legislative intention to cure undue severity. The amendment, which imposes a maximum six-month sentence for most misdemeanors (with sentences up to one year for certain enumerated misdemeanors and second offenders), was designed to eliminate the need for jury trials in most misdemeanor cases. (Memorandum of Legislative Representative of the City of New York, 1984 McKinney's Session

Laws of NY, at 3408, 3410.) Its purpose was to relieve the local criminal courts of a backlog (Governor's approval memorandum, 1984 McKinney's Session Laws of NY, at 3632), and not to lessen sentences for certain misdemeanors. Indeed, even before the amendment, few first-time offenders convicted of these misdemeanors ever received sentences in excess of six months (memorandum of State Executive Department, 1984 McKinney's Session Laws of NY, at 3405, 3407)" *(People v Valentin, supra,* pp 365-366).

We do not find that the law was designed as ameliorative relief. The Legislature, by expressly providing that the law in question would only take effect "on the first day of November next succeeding" its enactment, and by companion legislation limiting its geographical application, demonstrated an intent contrary to retrospective application *(see, Matter of Mulligan v Murphy,* 14 NY2d 223, 226; *Sessa v State of New York,* 63 AD2d 334, *affd* 47 NY2d 976; *People v Ennis,* 94 AD2d 746). The provision which shall cause the law to expire on November 1, 1987, further indicates that the Legislature was concerned primarily with the effectiveness of the law in reducing the backlog in the criminal courts, not with the severity of sentences.

Accordingly, it cannot be said that the Legislature, when it enacted the Laws of 1984 (ch 673), intended that the reduced sentencing provisions should be given retroactive application to crimes committed prior to the effective date thereof. Gibbons, J. P., Weinstein, Lawrence and Eiber, JJ., concur.