OPINION OF THE COURT
Hancock, Jr., J.
This appeal presents the question whether the amendment to Penal Law § 155.30 (1), increasing the minimum value of the property stolen required for the crime of grand larceny, third degree (now fourth degree; see, L 1986, ch 515 [raising required minimum to $1,000 from $250]), is an ameliorative change which should be applied "retroactively”[1] to a defendant who had not been sentenced at the time of the amendment’s effective date. We agree with the Appellate Division that it is ameliorative and, accordingly, affirm.
Two security guards observed defendant and his companion shoplifting in a Sears, Roebuck and Company store. Their actions were taped by the store’s surveillance system. In making their getaway from the store, the two dropped the stolen merchandise (five car stereos and nine computer games) in the parking lot. Defendant was arrested several days later and charged under Penal Law § 155.30 (1) with grand larceny in the third degree for stealing property worth more than $250. The felony complaint valued the merchandise at $790.98.
Prior to defendant’s trial, defendant moved to reduce the charge to petit larceny when the amendment raising the minimum value required for grand larceny third (now fourth) to $1,000 took effect. The trial court rejected defendant’s argument that the amendment was ameliorative in nature and that, *240 therefore, the amended statute should be applied here where the claimed value of the property was less than $1,000. At trial, upon the People’s proof that the property stolen had a value in excess of $250, defendant was convicted of grand larceny third under the prior version of Penal Law § 155.30 (1). Defendant moved to set aside the verdict on the ground that the statute as amended should have governed. The court denied his motion.
On appeal, the Appellate Division modified by reducing defendant’s conviction of grand larceny to petit larceny (Penal Law § 155.25) holding that the 1986 amendment is an ameliorative change reducing the punishment and, as such, should be applied retrospectively (142 AD2d 983, 984). We agree.
The general rule is that nonprocedural statutes "are not to be applied retroactively absent a plainly manifested legislative intent to that effect” (People v Oliver, 1 NY2d 152, 157). There is an exception, however, when the Legislature passes an ameliorative amendment that reduces the punishment for a particular crime. In such a case "the law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date” (id., at 160).[2] The rationale for this exception is that by mitigating the punishment the Legislature is necessarily presumed — absent some evidence to the contrary — to have determined that the lesser penalty sufficiently serves the legitimate demands of the criminal law (id.). Imposing the harsher penalty in such circumstances would serve no valid penological purpose (id.; see also, In re Estrada, 63 Cal 2d 740, 408 P2d 948, 951-952 [following Oliver rule]).
Contrary to the People’s assertion, the "savings clauses” (General Construction Law §§ 93, 94 [allowing prosecution under repealed statutes if the criminal conduct occurred prior to the repeal]) do not affect the ameliorative amendment exception. Under common-law rules, when a statute was amended or repealed, all prosecutions under the old version of *241 the statute — regardless of whether the new version was more or less stringent — were abated (People v Oliver, supra, at 158). In the case where the old statute was replaced by a stricter statute, the Ex Post Facto Clause, of course, barred prosecution under the new version and the common-law rule barred prosecution under the old version (id., at 158-159). The "savings clauses” were enacted principally to prevent the resultant anomaly in such case — of allowing criminals to go unpunished — by specifically providing for continued prosecution under the older more lenient statute (id., at 159). Where, however, the Legislature enacts an ameliorative statute, there is no ex post facto problem. The anomaly which prompted the enactment of the savings clauses does not exist. Absent some valid reason to require the stricter penalty, the "savings clauses” should not be used to mete out the harsher sentence (see, id., at 159-160; see also, Comment, Today’s Law and Yesterday’s Crime: Retroactive Application of Ameliorative Criminal Legislation, 121 U Pa L Rev 120, 138-139).
We reject the People’s contention that the amendment here (L 1986, ch 515) is not ameliorative in nature.[3] It reclassifies certain criminal conduct as a class A misdemeanor rather than a class E felony and thereby reduces the penalties that can be imposed. Moreover, the legislative history confirms that the purpose of the amendment was primarily ameliorative. Although the Legislature recognized that reduction in punishment would conserve the additional police resources needed to process a theft as a felony (see, Governor’s Mem, 1986 McKinney’s Session Laws of NY, at 3174, 3175), the main goals of the statute were twofold: (1) to rectify the injustice of punishing small street crimes with a degree of severity equal to or greater than white collar theft involving large sums of money, and (2) to make a needed adjustment for the impact of inflation on the valuation of property by increasing the minimum sum (see, id., at 3174-3175; Mem of State Executive Dept, 1986 McKinney’s Session Laws of NY, at 2960,2961-2962; Mem in support by Senator Dean G. Skelos, Bill Jacket, L 1986, ch 515).[4]
*242 We find no merit in the People’s assertion, relying on Oliver (1 NY2d, at 161, n 3), that the amendment here altered the "definition” of the crime, and that, therefore, it should not be applied "retroactively”.[5] The argument is based on an improper reading of the Oliver opinion. There, in holding that there should be retroactive application of an ameliorative amendment to the Penal Law (L 1948, ch 554) — altering the type of corrective treatment for children under the age of 15 by making them subject to punishment as juvenile offenders rather than as criminals — the court distinguished the situation where a change in the law removes all punishment for certain conduct. In such case, the court noted, the "State may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed” (1 NY2d, at 161, n 3, supra). This continued State interest in imposing some punishment for outright disregard of a prior law applies only to illegal conduct which is later decriminalized. As in Oliver, such continued State interest in inflicting the harsher penalty under the prior law is not present here. Under the amendment in question, the conduct is still criminal, although it is redefined as petit larceny and punished only as a misdemeanor.
Finally, the People contend that, even if the amended version of the statute applies, defendant’s conviction should be reinstated because there was proof that the items had a value in excess of $1,000. At trial the People introduced proof that the items had an aggregate wholesale value of $788.73 and an aggregate retail value of $1,759.91. The case was argued, however, and submitted to the jury on the theory that they need only find that the property had a value in excess of $250. We may not sustain a conviction obtained under an erroneous theory by speculating as to whether the jury would have convicted under a different one (see, People v Roper, 259 NY 170, 176). The People’s remaining contentions are either unpreserved or without merit.
*243 Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone and Bellacosa concur.
Order affirmed.

. This appeal only involves application of the new law to prosecutions before sentence, not to final cases or cases on direct review. Thus, it does not involve "retroactivity” in the classic sense (see, Matter of Mulligan v Murphy, 14 NY2d 223, 227; Griffith v Kentucky, 479 US 314). However, because the cases use the terms "retroactively” or "retroactive”, for ease of discussion those terms will be used in the opinion.

. In People v Oliver (1 NY2d 152), the court held that an amendment to the Penal Law (L 1948, ch 554) making persons under the age of 15 subject to prosecution as juveniles rather than as adults, should be applied retroactively to defendant, a 14-year-old boy charged with first degree murder for killing his two-year-old brother, a crime then punishable by death. While the equities' in Oliver were particularly compelling, there is nothing in the opinion to suggest that the stated rationale for applying ameliorative amendments retroactively should not apply outside the context of that case.

. The Appellate Divisions have split on this issue. The Fourth and Third Departments have held that the Legislature intended the amendment to be ameliorative in nature and should be applied retroactively (People v McCann, 149 AD2d 814; People v Jansen, 145 AD2d 870; People v Behlog, 142 AD2d 983) while the Second Department has held to the contrary (People v Basir, 141 AD2d 745).

. Thus, the instant amendment is distinguishable from the cases relied *242 on by the People, where the history indicates the purpose of the legislation was other than ameliorative (see, e.g., People v Ahern, 65 NY2d 802, 803-804 [L 1982, ch 492, intended to eliminate confusion about term "concealability”]; People v Archer, 121 AD2d 730, 731-732 [L 1984, ch 673, was intended to relieve court congestion and to have little effect on defendants]).

. While the Oliver court refers to "altering [the] definition” (1 NY2d, at 161, n 3) of a crime as well as abolishing it, it is evident that the reference means an alteration in definition which results in decriminalization.