OPINION OF THE COURT
Eugene J. Berkowitz, J.
The novel issue presented in this case is whether the newly enacted "reduction” statute, pertaining to the legal sufficiency of the evidence supporting the count(s) of an indictment, can be "retroactively” applied to prior decisions by the court, which resulted from motions to inspect and dismiss.
The defendant, herein, was indicted on March 14, 1990, and charged with robbery in the second degree, robbery in the third degree and criminal possession of stolen property in the fifth degree.
*749 As a result of an omnibus motion by the defendant, which was submitted to the court on April 18, 1990, requesting, inter alia, inspection of the Grand Jury minutes and dismissal of the indictment pursuant to CPL 210.20 (1) (b), this court rendered a decision, dated April 26, 1990, denying that branch of the motion to dismiss said indictment.
Defendant is now moving this court to inspect the Grand Jury minutes, and to reduce the counts of the indictment on the grounds that recent amendments to the Criminal Procedure Law, allowing such reduction, can be applied retroactively.
On September 1, 1990, subdivision (1-a) of CPL 210.20[1] became effective, creating "a motion for the reduction [i.e.: lessening the degree of the offense charged] of a count or counts in the indictment where the evidence would not support the count(s) as contained in said indictment. Moreover * * * [said subdivision] enable[s] the court to order a reduction of the appropriate count where the evidence sustains a lesser included offense, thereby providing the court with the '. . . flexibility to do justice . . .’ under these circumstances.” (Heymann, Motions to Reduce Indictments An Analysis, NYLJ, Sept. 27, 1990 at 1, col 1.)
The new statute requires the court, upon a motion for the inspection of the Grand Jury minutes and dismissal of the indictment, based on the legal sufficiency of the evidence to *750 the Grand Jury, to order the count(s) of the indictment reduced to allege the most serious lesser included offense where it "finds that the evidence before the grand jury was not legally sufficient to establish the commission by the defendant of the offense charged in any count contained within the indictment, but was legally sufficient to establish the commission of a lesser included offense”. (CPL 210.20 [1-a].)
Heretofore, the courts were limited in their authority to either dismiss a count with leave to resubmit to another Grand Jury, or sustain the count if the evidence was legally sufficient to establish the commission of the defendant of a lesser included offense. (See, CPL 210.20 [4]; 210.30 [1].)
"Except for purposes of disposing of an indictment by plea negotiation * * * reducing the counts of an indictment was not an alternative sanctioned by statute or case law.” (Heymann, op. cit., at 32, col 1.)
Now that the Legislature has clearly established that the court is empowered to reduce the count(s) in an indictment, the question remains as to whether the applicability of this new authority is prospective only or also retroactive.
Although Laws of 1990 (ch 209) provided that subdivision (1-a) was to become effective on September 1, 1990, the legislation is silent as to its having any retroactive application.
The defendant relies on the case of People v Behlog (74 NY2d 237) as providing the basis for this court to effectuate the reduction statute retroactively.
In Behlog (supra), the Court of Appeals addressed the question of whether an amendment to Penal Law § 155.30 (1), increasing the minimum value of the property stolen required for the crime of grand larceny in the third degree (now fourth degree), was an ameliorative change which should be applied retroactively to a defendant who had not been sentenced at the time of the amendment’s effective date. The court found that the statute was ameliorative in that it reclassified certain criminal conduct thereby reducing the penalties that could be imposed. (Supra, at 241.) Thus, the court held that the trial court was in error in denying the defendant’s motion to set aside his conviction on the ground that the statute as amended should have governed at trial. "The general rule is that nonprocedural statutes 'are not to be applied retroactively absent a plainly manifested legislative intent to that effect’ (People v Oliver, 1 NY2d 152, 157). There is an exception, however, when the Legislature passes an ameliorative *751 amendment that reduces the punishment for a particular crime. In such a case 'the law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date’ (id., at 160).” (Supra, at 240.)
The defendant, here, contends that CPL 210.20 (1-a) is ameliorative and, therefore, can be applied retroactively. This court disagrees.
It is the opinion of this court that the reasoning in Behlog (supra) is distinguishable from issue at bar. Here, the court is not confronted with amendments to particular penal crimes which have been reclassified to reduce the ultimate punishment that can be imposed upon a defendant after conviction for crimes committed prior to the effective date of the amendment.
The amendments to CPL 210.20 were designed to assist the court in its function of inspecting the Grand Jury proceedings to ensure that proper and sufficient legal evidence was adduced to sustain the counts set forth in an indictment.
Subdivision (1-a) is not ameliorative in nature, because it does not permanently reduce or reclassify the degree of any particular offense and its accompanying punishment. Its purpose is to allow the court, on a case-by-case basis, to determine whether the evidence before the Grand Jury can support the highest degree of the count(s) charged and, if not, whether it is sufficient to support any lesser included offenses of said count(s). If the court concludes that only a lesser included offense is warranted, the count as originally contained in the indictment is reduced to reflect the most serious lesser included offense. Thus, the underlying crime, itself, is not amended as were the larceny offenses in Behlog (supra). The reduction of a count or counts merely establishes new boundaries within which the prosecution may obtain a conviction and concomitantly the extent of any punishment meted out by the court, in lieu of dismissing a count in its entirety or allowing an unsupportable count to be tried or plead to.
"A general rule of construction is that statutes 'are to be construed as prospective only, unless a clear expression of intent to the contrary is found’ ”. (Matter of Mulligan v Murphy, 14 NY2d 223, 226; see also, People v Archer, 121 AD2d 730.)
This court believes that subdivision (1-a) of CPL 210.20 is to be applied prospectively only. The court’s authority to reduce *752 counts is triggered by the motion seeking such relief made after the effective date of September 1,1990.
The fact that the underlying indictment may have been filed prior to September 1, 1990, is of no moment, as the statutory language refers to the "motion of the defendant” (CPL 210.20 [1-a]).
In the instant matter, the defendant is, in effect, seeking reargument and reinspection of the Grand Jury minutes, based upon this court’s determination made more than four months prior to the effective date of the reduction statute. To grant defendant’s request would open a floodgate of relitigation in every case where the court has already rendered a decision upon a motion to inspect and dismiss made prior to September 1, 1990, and the matter has not yet been tried or disposed of by plea negotiations.[2] Such is not the legislative intent of the reduction statutes.
Accordingly, the defendant’s motion is denied in its entirety.

. Subdivision (1-a) of CPL 210.20 reads as follows: "After arraignment upon an indictment, if the superior court, upon motion of the defendant pursuant to this subdivision or paragraph b of subdivision one of this section challenging the legal sufficiency of the evidence before the grand jury, finds that the evidence before the grand jury was not legally sufficient to establish the commission by the defendant of the offense charged in any count contained within the indictment, but was legally sufficient to establish the commission of a lesser included offense, it shall order the count or counts of the indictment with respect to which the finding is made reduced to allege the most serious lesser included offense with respect to which the evidence before the grand jury was sufficient, except that where the most serious lesser included offense thus found is a petty offense, and the court does not find evidence of the commission of any crime in any other count of the indictment, it shall order the indictment dismissed and a prosecutor’s information charging the petty offense filed in the appropriate local criminal court. The motion to dismiss or reduce any count of an indictment based on legal insufficiency to establish the offense charged shall be made in accordance with the procedure set forth in subdivisions one through seven of section 210.45, provided however, the court shall state on the record the basis for its determination. Upon entering an order pursuant to this subdivision, the court shall consider the appropriateness of any securing order issued pursuant to article 510 of this chapter.”

. The Behlog appeal only involved application of the new law to prosecutions before sentence, not to final cases or cases on direct review. It did not involve "retroactivity” in the classic sense. (People v Behlog, 74 NY2d 237, 239, n 1.)