OPINION OF THE COURT
Martin Marcus, J.
This decision considers whether, pursuant to a statutory amendment effective September 1, 1990, a defendant may bring a motion to "inspect and reduce” an indictment when his motion to "inspect and dismiss” that same indictment was made and denied long before the amendment’s effective date.
On April 17, 1989, a five-count indictment was filed against the defendant, the top count of which charged him with robbery in the second degree. That count alleges that on or about February 7, 1989, the defendant forcibly stole money from another person and that "in the course of the commission of the crime or in immediate flight therefrom, the defendant caused physical injury to that person, who was not a participant in the crime.”
The defendant was arraigned on the indictment on April 26, 1989, and made omnibus motions returnable June 15, 1989, including a motion pursuant to CPL 210.30 to inspect the Grand Jury minutes and to dismiss the indictment upon the ground that the evidence before the Grand Jury was legally insufficient to support the charges against him. On July 5, 1989, employing the statutory provisions then applicable, the Honorable William H. Wallace, III, denied the motion, finding the evidence sufficient to support the charges in the indictment "or any lesser included offenses.”
CPL 210.20 (1-a) and 210.30, as added and amended by Laws *945 of 1990 (eh 209), became effective September 1, 1990. Before then a court had only the authority to dismiss a count of an indictment for which the evidence before the Grand Jury was legally insufficient to support that count or any lesser included offense. These changes added authority to reduce a count for which the evidence is legally insufficient to a lesser included charge for which the evidence is sufficient. Relying on this new authority, the defendant now moves for inspection of the Grand Jury minutes and for a reduction of that count of the indictment charging him with robbery in the second degree to robbery in the third degree. As the basis for the reduction he seeks, the defendant alleges that the evidence before the Grand Jury was insufficient to establish that the complainant suffered "physical injury” within the meaning of Penal Law § 10.00 (9).
The preliminary question before the court is whether the new provisions to "inspect and reduce” should be applied retroactively in this case. The defendant claims that the statutory change is ameliorative and procedural in nature, and therefore should be applied retroactively. The People, on the other hand, contend that the statute is not ameliorative, and that the Legislature, by postponing the amendment’s effective date from its enactment in July until September 1, indicated an intent that the amendment not be applied retroactively. The two reported decisions which have thus far confronted this question have reached conflicting conclusions. (See, People v Davis, 148 Misc 2d 748 [Sup Ct, Queens County 1990] [deciding amendment not retroactive]; People v Levy, NYLJ, Oct. 2, 1990, at 26, col 3 [Sup Ct, Kings County] [applying amendment retroactively].)
The myriad of rules which govern retroactivity are often as difficult to state as they are to apply. Depending on how the nature of a statutory change is characterized, these rules create a presumption for or against retroactivity, which may be rebutted only by a clear expression of legislative intent for a different result. Since an explicit expression of legislative intent is often lacking, the direction of the presumption usually determines the outcome of the analysis.
Generally, statutes that are deemed "nonprocedural” are not given retroactive application unless there is a clear expression of legislative intent to the contrary. (See, e.g., Matter of Mulligan v Murphy, 14 NY2d 223, 226 [1964]; Matter of Ayman v Teachers’ Retirement Bd., 9 NY2d 119, 125 [1961].) However, when the Legislature makes a nonprocedural *946 change in a penal provision that is "ameliorative” in nature, that is, when it reduces the punishment for proscribed conduct, the opposite presumption applies: absent a clear expression of intent to the contrary, the change is applied retroactively. (See, People v Behlog, 74 NY2d 237, 240 [1989]; People v Oliver, 1 NY2d 152, 157 [1956].) On the other hand, a change that increases the penalty for criminal conduct may not be applied retroactively, whatever the Legislature’s intent, since such an application would violate the prohibition against ex post facto laws. (People v Oliver, 1 NY2d, supra, at 158.)
Statutes which are "procedural,” or curative in nature, or those which provide a remedy where none has previously existed, are also exceptions to the general rule against retroactive application. (McKinney’s Cons Laws of NY, Book 1, Statutes § 51 [b]; § 54.) Thus, as the defendant correctly notes, a procedural change made after conduct charged in an indictment was allegedly committed has generally been held applicable to the prosecution of that indictment. (See, People v Mandel, 61 AD2d 563 [2d Dept 1978], revd on other grounds 48 NY2d 952, 953 [1979], appeal dismissed 446 US 949, reh denied 448 US 908 [1980]; People v Nival, 33 NY2d 391, cert denied 417 US 903 [1974]; People ex rel. Pincus v Adams, 274 NY 447 [1937]; but see, People v Martinez, 82 Misc 2d 56 [Sup Ct, Kings County 1975] [procedural change which adversely affects substantial right of defendant violates ex post facto clause].) However, while procedural statutes are generally applied retroactively, this means only that they apply to pending proceedings, and that, "even with respect to such proceedings, they only affect procedural steps taken after their enactment. In other words, while procedural changes are generally deemed applicable to subsequent proceedings in pending actions, it takes a clear expression of legislative intent to justify a retroactive application of a procedural statute so as to affect proceedings previously taken in such actions” (McKinney’s Cons Laws of NY, Book 1, Statutes § 55).
In this case, as in most, whether the presumption favors or disfavors retroactivity will decide the question, since the Legislature expressed no clear intent either way, stating only that the new provisions "shall take effect September 1, 1990.” (L 1990, ch 209, §20 [3]; compare, L 1988, ch 744 [explicitly making its revisions of article 700’s eavesdropping provisions applicable only with respect to court orders or extensions issued on or after its effective date].) Admittedly, the Legislature’s decision to postpone the effective date for months after *947 its July enactment is some evidence of an intent against retroactivity. (See, Matter of Mulligan v Murphy, supra; People v Archer, 121 AD2d 730, 732 [1986].) Moreover, by placing the motion to "inspect and reduce” within the familiar omnibus motion framework of CPL article 255, it thereby required that such motions be made within the 45-day period required for omnibus motions, a period too short to permit retroactive application to most offenses committed within or before the statutory window between July and September. On the other hand, the postponement may instead have been intended only to provide the courts and litigants notice of the new procedure. Similarly, the requirement that a motion to inspect and reduce be made as part of a defendant’s omnibus motion is clearly no more than a logical extension of the general intent that all pretrial motions be made at the one time. In any case, the unavailability of this remedy before September 1, 1990, provides "good cause” why this motion could not be filed within 45 days of an arraignment that occurred more than 45 days before that date. (CPL 255.20 [3].) Thus, I find the Legislature’s intention with regard to retroactivity to be unclear.
Applying the rules described above to the present case, I conclude that the amendment to article 210 is a procedural one, creating a new remedy to which the presumption in favor of retroactivity applies. As the court in People v Levy (supra) correctly found, the creation of a motion to "inspect and reduce” is not ameliorative in nature, since in making such a motion available, the Legislature did not thereby reduce the punishment applicable to any offense. However, while the new statute may not be ameliorative, neither is it nonprocedural. The creation of a motion to inspect and reduce does not affect either the definition of an offense or the punishment for it, but instead only determines the manner and extent of the pretrial review of an indictment. Thus, it is clearly procedural in nature. The failure of the Legislature to express its intent leaves the controlling presumption that this procedural statute apply retroactively.
The People, though, characterize this defendant’s motion to inspect and reduce as a motion to reargue his already denied motion to inspect and dismiss. If this characterization is accurate, then the defendant is seeking the retroactive application of this new statute to a previous and completed proceeding. As stated above, for such an application the presumption shifty yet again: retroactive application may extend to *948 past proceedings only where the legislative intent to do so is clear. This motion, however, does not require me to revisit a past proceeding. While both a motion to dismiss and a motion to reduce require inspection of the Grand Jury minutes, the motion to reduce requires a different and additional finding based upon that review. Here, for example, in deciding to sustain the charge of robbery in the second degree, Justice Wallace was not called upon to determine whether the Grand Jury minutes were sufficient to establish physical injury to the defendant. Until the effective date of the new statute, even without evidence of such an injury, the count would be legally sufficient so long as the minutes made out the lesser included offense of robbery in the third degree. Accordingly, the defendant’s motion to inspect and reduce does not require me to grant any remedy already denied or to reconsider any factual question already determined.
Turning to the substantive question of whether the defendant’s motion to reduce should be granted, I find that the evidence before the Grand Jury is not legally sufficient to establish that the complainant sustained physical injury, as required for the charge of robbery in the second degree.
The complainant testified that she and the defendant rode up together in the elevator of her apartment building. After the elevator stopped at her floor, he grabbed her purse, which was then "attached to [her] shoulder,” and ran out of the elevator. The complainant was then "running right behind him, and [they] just kept running until he threw [her] against the wall.” At that point, the purse fell and the defendant grabbed it again and ran away. As a result of this incident, the complainant had "some bruises on [her] arm; [her] back was hurting, and [she] also had a bruise on her leg.” She did not go to a hospital, but for "some days” she did "feel pain,” and for a "few days” her leg and back were "hurting,” and her arms and legs were "black and blue.” The Assistant District Attorney summarized the complainant’s description of her injuries by asking, "So it was just basically bumps and bruises?” to which the complainant answered, "Yeah.”
Section 10.00 (9) of the Penal Law, which the prosecutor read to the Grand Jury, defines physical injury as "impairment of physical condition or substantial pain.” As the court found in People v Levy (supra), in which the complainant was injured in the same manner as here, and gave similar generalized testimony of pain in her back, arm and hand (and indeed characterized her pain as still continuing and "severe”), the *949 People in this case have not offered evidence sufficient to constitute either physical impairment or substantial pain. As the cases comprehensively collected in Levy establish, the defendant’s references to her "bumps and bruises” are insufficient to establish physical impairment (see, People v McDowell, 28 NY2d 373 [1971] [blackened eye]; People v Francis, 112 AD2d 167 [2d Dept], lv denied 66 NY2d 919 [1985] [deep scratch from bullet]; People v Morales, 75 AD2d 745 [1st Dept 1980] [swollen face]; Matter of Derrick M., 63 AD2d 932 [1st Dept 1978] [black and blue rib cage not requiring medical attention]), and her generalized testimony that for a few days she felt "pain” and was "hurting” are not enough to prove "substantial pain.” (See, People v Cicciari, 90 AD2d 853 [2d Dept 1982] [scream of pain]; People v Marrero, 88 AD2d 998 [2d Dept 1982] [back pain requiring medical attention, but not causing missed work]; Matter of Robin B., 78 AD2d 679 [2d Dept 1980] [complainant feeling pain]; but see, People v Thompkins, 97 AD2d 593 [3d Dept 1983].) Without minimizing the complainant’s suffering, I find that it does not, as described in her Grand Jury testimony, constitute physical injury.
Accordingly, the defendant’s motion to inspect and reduce the first count of the indictment from robbery in the second degree to robbery in the third degree is hereby granted. In accordance with CPL 210.20 (6), the effectiveness of this order is stayed for 30 days following its entry, unless the stay is waived by the People. In this 30-day period, the People may file a reduced indictment charging the defendant with robbery in the third degree (along with the remaining counts of the indictment), resubmit the count of robbery in the second degree to a new Grand Jury, or appeal this order.