■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MANUEL CABALLERO, Appellant.—Judgment, Supreme Court, Bronx County (Robert G. Seewald, J.), rendered May 9, 1988, convicting defendant, after a jury trial, of attempted grand larceny in the second degree, criminal mischief in the fourth degree and criminal possession of stolen property in the third degree, and sentencing him as a second felony offender to an indeterminate term of imprisonment from 2 to 4 years to run concurrently with two determinate terms of imprisonment of one year, respectively, unanimously modified, on the law, the facts and as a matter of discretion in the interest of justice, to the extent of reducing defendant's conviction for attempted grand larceny in the second degree to attempted grand larceny in the fourth degree, and resentencing defendant thereon to an indeterminate term of imprisonment of from 1 to 3 years, and otherwise affirmed.

The attempted grand larceny of a motor vehicle, took place on October 26, 1986, several days before the effective date of the 1986 amendment to the Penal Law (L 1986, ch 515, eff Nov. 1, 1986). The sentence was imposed after the effective date of the statute, however, and defendant is entitled to retroactive application of the ameliorative amendment to the Penal Law, which reduces the punishment for the crime charged *(People v Behlog,* 74 NY2d 237).

We have considered the remaining arguments of the parties and find them to be without merit. Viewing the evidence in a light most favorable to the People *(see, People v Contes,* 60 NY2d 620, 621) where entry to the vehicle was accomplished by breaking a window, and where the defendant and co-defendant were seen under the hood and steering column of the vehicle and were in possession of a screw driver, the record supports the conclusion that a rational trier of fact could find, beyond a reasonable doubt, that the co-defendants in this case intended to steal the vehicle, thus engaging in conduct which tended to effect the commission of such crime *(see,* Penal Law § 110.00). Any competing inferences were within the domain of the jury *(see, People v Barnes,* 50 NY2d 375, 381). Concur—

Carro, J. P., Rosenberger, Ellerin, Kupferman and Ross, JJ. *[See,* 180 AD2d 494.]