OPINION OF THE COURT
Patricia D. Marks, J.
This is a decision on an appeal from a judgment of the Hon. Gary E. Smith, Rochester City Court, convicting the defendant/appellant of criminal mischief in the fourth degree and *55 on a conviction sentencing defendant to six weekends in the Monroe County Jail. A stay has not been granted pursuant to CPL 460.50 and the defendant has completed his sentence. This case brings up on appeal a unique legal issue of a defendant’s statutory right to a jury trial when certain statutory changes occur between the date of the crime, the date of arrest and the date of the trial.
Defendant was arrested for the charge of criminal mischief in the fourth degree for an incident which occurred on February 5, 1990. He was subsequently arraigned on that charge on June 29, 1990. During that period of time, the Misdemeanor Trial Law was in effect (L 1984, ch 673). Pursuant to that statute the defendant would not be entitled to a jury trial on the charge of criminal mischief in the fourth degree. On July 1, 1990, the Misdemeanor Trial Law expired. On July 31, 1990, a bench trial was conducted. Defendant was found guilty after trial and sentenced to six weekends in the Monroe County Jail. Defendant asserts that his right to a jury trial pursuant to CPL 340.40 (2) and New York Constitution, article I, § 2 was violated.
While defendant/appellant is correct, that in order for a jury trial to be properly waived it must be in writing and signed by the defendant in person, in open court and with approval of the court (CPL 320.10 [2]; People v Ahmed, 66 NY2d 307 [1985]), the law in effect at the time of the commission of the crime provided no right to a jury trial. The law in effect at the time of the commission of the crime is clearly controlling (see, General Construction Law §§ 93, 94; People v Behlog, 74 NY2d 237 [1989]).
CPL 340.40 (2) provided that unless a crime was a specified misdemeanor or defendant was an alleged second crime offender, the trial would be held before a single Judge and not a jury. A companion section of the Penal Law reduced the maximum period of imprisonment on most misdemeanors to six months rather than a year unless the People indicated they were going to prosecute the defendant as a second crime offender (Penal Law § 70.15). These laws were enacted with a series of specific expiration dates, the last of which was July 1, 1990. In the event they were not extended, there was an alternative section which was enacted to become effective.
Therefore, the judgment of conviction is affirmed.