*637 OPINION OF THE COURT
Seymour Rotker, J.
Defendant has moved by order to show cause, dated March 14, 2005, to be sentenced pursuant to the recently enacted Drug Law Reform Act. (See L 2004, ch 738.) Defendant has offered to plead guilty to a class B felony, criminal possession of a controlled substance in the third degree (Penal Law § 220.16). He is seeking to receive a determinate sentence of 3V2 years as a second nonviolent felony offender, subject to this court’s approval, under the new sentencing guidelines.[1] The date of defendant’s alleged crime was August 26, 2003. No final adjudication has taken place.
Defendant asserts that the revised sentencing structure is an ameliorative amendment and therefore applies to him despite the fact that the date of his alleged crime is prior to the statute’s enactment.
In response, the People have filed papers in opposition, dated March 9, 2005, arguing that the new sentencing guidelines do not apply to defendant and that the new sentencing only applies to crimes committed after January 13, 2005, the statute’s effective date. The People assert that the new law specifically denies retroactive application to crimes committed before the effective date and therefore, courts are not permitted to go against the legislative intent of the statute. The People claim the intent is clear that even for adjudications that are not final after the effective date of the statute, if the crimes are committed prior to the statute’s effective date, the old sentencing guidelines apply.
Facts/Procedural History
On November 25, 2003, an indictment was filed with the court charging defendant with three counts of criminal possession of a controlled substance in the third degree and related crimes. Relying upon a prior nonviolent felony conviction, the People assert that defendant must be sentenced as a predicate felon.[2] Defendant does not challenge the prior felony conviction.
In a decision dated July 20, 2004, defendant’s motion to suppress property, money and drugs recovered in this matter was denied. The case is currently before this court for trial.
*638 Decision
Initially, under the old sentencing guidelines, defendant faces an indeterminate term of incarceration of between 472 years to 9 years and 1272 years to 25 years, taking into account his prior nonviolent felony conviction. Under the revised guidelines, defendant, as a second nonviolent felony offender, faces a reduced determinate sentence of between 37a years and 12 years. Thus, the effect of the statute upon defendant here is that the punishment has been reduced for this crime.
Pursuant to section 41 (d-1), section 36 of the new law, which changes the sentencing for various drug offenses, only takes effect on the 30th day after it became law and, thus, applies to crimes committed on or after this effective date. (See L 2004, ch 738, § 41.) The statute was enacted on December 14, 2004. Its effective date is January 13, 2005. Thus, defendant’s alleged crimes occurred before the effective date of the statute. However, defendant’s conviction is not final and the matter is still pending before this court for trial. Thus, defendant is entitled to be sentenced under the new law. (See People v Walker, 81 NY2d 661, 667 [1993] [“When, prior to sentencing, the Legislature makes a judgment that the crime a defendant has committed warrants a lesser punishment, the defendant may be punished in accordance with the new standards because they represent society’s most up-to-date evaluation of the nature of his offense” (emphasis added)]; People v Payne, 6 Misc 3d 1015[A], 2005 NY Slip Op 50046[U] [Sup Ct, Queens County 2005] [defendant denied resentencing where judgment was final because both crime date and sentence already imposed at time of statute’s enactment and no exception existed to warrant resentence on A-II felony conviction]; see also People v Frain, 6 Misc 3d 1029[A], 2005 NY Slip Op 50222[U] [2005] [defendant who was already sentenced before new law became effective not entitled to retroactive application of ameliorative drug laws]; People v Estela, 6 Misc 3d 1032[A], 2005 NY Slip Op 50279[U] [2005]; but see People v Singletary, 7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U] [2005] [court found legislative intent of the statute unambiguous, thus, holding that retroactive application of statute to defendants, not yet sentenced after statute’s effective date, are not entitled to sentencing under revised guidelines].)
In People v Behlog (74 NY2d 237 [1989]), the Court held that a statute which reduced punishment was ameliorative and the lesser penalty applied to the defendant even though the underly *639 ing act took place prior to the effective date of the statute.[3] (See People v Samuels, 162 AD2d 559 [2d Dept 1990] [defendant entitled to be sentenced under new law since he was sentenced after the effective date of the statutory amendment]; see also People v Goolsby, 177 AD2d 709 [2d Dept 1991] [same].) Here, again, the statutory change took place after the defendant’s arrest, but before his sentencing.
The “ameliorative” rule is an exception to the general rule, which provides that nonprocedural statutes do not apply retroactively unless a plainly manifested legislative intent to the contrary exists. (See Behlog, supra at 240.) This exception enunciated by the Behlog court that provides for retroactivity occurs when the punishment is reduced for a particular crime, as in the present case. “[T]he law is settled that the lesser penalty may be meted out in all cases decided after the effective date of the enactment, even though the underlying act may have been committed before that date.” (Id., quoting People v Oliver, 1 NY2d 152, 160 [1956].)
The rationale enunciated by the Behlog court for its holding was that unless there is evidence to the contrary, which does not exist here, the Legislature presumably determined that the lesser penalty is sufficient to serve the legitimate demands of the criminal law. (Id.) No valid penological purpose would be served by imposing the harsher penalty. (Id.) The same rationale applies here. The purpose of the revised sentencing structure at issue in the present case was to reduce the draconian drug laws that existed. (See also People v Oliver, *640 supra at 160;[4] People v Walker, supra at 666; see also People v Denton, 7 Misc 3d 373 [Sup Ct, Kings County 2005].)
This case is distinguishable from People v Archer (121 AD2d 730 [2d Dept 1986]), in which the Second Department denied resentencing to a defendant upon his conviction of possession of burglar’s tools, a class A misdemeanor, despite the fact that a new law reduced the sentence for such crime. In Archer, the defendant was initially indicted for attempted grand larceny and possession of burglar’s tools. The date of the crime was July 11, 1984. Thereafter, while the defendant’s indictment was pending, the maximum sentence for possession of burglar’s tools, as well as for most class A misdemeanors, was reduced from one year to six months. The effective date of the statutory change was November 1, 1984. Nevertheless, the defendant, upon being convicted of this misdemeanor after November 1, 1984, was sentenced to one year’s incarceration, not six months under the new law. The defendant’s judgment was affirmed. While the Appellate Division stated that the general rule was that a statute was not retroactive,
“\a\meliorative modifications of penal statutes . . . have long been recognized as an exception to this rule . . ., since they often reflect the judgment of the Legislature that prior sanctions were ‘unduly harsh’ ...[,• a] mere reduction of a sentence will not give a penal statute retroactive effect absent some indication of such a legislative judgment.” (See Archer, supra at 731 [emphasis added], citing other cases.)
Thus, in Archer since the legislative intent of the statute was to reduce the sentence, not because it was considered harsh or se *641 vere, but, in order to reduce the number of jury trials, which were not required for cases in which the maximum penalty was six months or less, with a view toward curing court backlog, the intent was clearly not to reduce severe punishment. In the present case, this is exactly what is being addressed, sentence reduction for inordinately harsh penalties for drug offenses. Thus, defendant is entitled to be sentenced under the new guidelines. (See also People v Teixeira, 87 AD2d 895, 895 [2d Dept 1982] [defendant sentenced after effective date of statutory amendment had minimum term reduced; general rule is that, “absent a savings clause, an ameliorative statute will be applied to cases which have not reached final judgment when the ameliorative statute becomes effective”]; People v Jansen, 145 AD2d 870 [3d Dept 1988] [same].)
Accordingly, defendant’s application is granted.

. Under the revised sentencing guidelines, defendant faces a determinate sentence between 3V2 years and 12 years.

. The People base defendant’s predicate felony status upon his conviction under indictment No. QN12221/99, whereby defendant pleaded guilty to criminal sale of a controlled substance, on or about May 11, 1999, and was sentenced to a period of incarceration of from 2Va years to 5 years in prison.

. In Behlog, the defendant was charged with grand larceny in the third degree for stealing property in excess of $250. The complaint indicated that the value of the property was $790.98. Before the defendant’s trial, an amendment took effect which changed the minimum value for the third degree grand larceny statute in effect at the time by raising the monetary value to $1,000. Thus, the defendant moved to reduce the charge against him to petit larceny. The defendant was convicted under the original felony charge. Defendant’s application to set aside the verdict was denied. However, the defendant’s conviction was reduced to petit larceny by the Appellate Division which held that the statute reducing the punishment was ameliorative.
Leave was granted and the Appellate Division was affirmed. The People’s assertion that the statutory amendment was not ameliorative was rejected by the Court because the punishment was reduced and the legislative history supported that the goal of the amendment was “primarily” ameliorative. In addition to reducing punishment, the Court recognized that the new law would also conserve police resources.

. In Oliver, the Court stated: “A legislative mitigation of the penalty for a particular crime represents a legislative judgment that the lesser penalty or the different treatment is sufficient to meet the legitimate ends of the criminal law. Nothing is to be gained by imposing the more severe penalty after such a pronouncement; the excess in punishment can, by hypothesis, serve no purpose other than to satisfy a desire for vengeance. As to a mitigation of penalties, then, it is safe to assume, as the modern rule does, that it was the legislative design that the lighter penalty should be imposed in all cases that subsequently reach the courts.” (Oliver, supra at 160.)
A minor defendant charged with first degree murder in Oliver was tried before the enactment of a statute that held children under 15 should not be subject to criminal sanctions. The Court held that the defendant was entitled to the benefit of the statute and the indictment against him was ultimately dismissed.