OPINION OF THE COURT
Frank J. LaBuda, J.
*923 Defendant Benny Weaver was indicted by an Ulster County Grand Jury on August 13, 2004 and charged by indictment No. 165-04 under count 1 with criminal possession of a controlled substance in the first degree (A-I) and under count 2 with criminal possession of a controlled substance in the third degree (B); both crimes were allegedly committed on June 26, 2004. He is a second felony offender but not a violent offender.
During the course of plea negotiations the defendant was offered by the People a plea to a B felony in satisfaction of the indictment with a minimum sentence of 41/2 years to 9 years in state prison.
Prior to defendant’s plea the New York State Legislature passed the Drug Law Reform Act (DLRA) and Governor Pataki signed said act into law on December 14, 2004.
A pre-plea conference was held on February 25, 2005 wherein a potential plea bargain was presented seeking the court to accept a plea to the B felony in satisfaction of the A-I felony and the minimum mandatory state prison sentence based upon the newly enacted DLRA.
ADA and Defense Positions
The People are willing to take the plea with a minimum sentence. The sole issue in contention is, what is the minimum state prison sentence now allowed by law?
The then defense attorney argues that the newly enacted DLRA should be applied retroactively and authorizes not only a plea to a B felony reduction from an A-I felony but also the appropriate sentence should be a SVs-year determinate prison term with postrelease supervision set by the court at a determinate time of the minimum of D/2 years to a maximum of 3 years.
Drug Law Reform Act
The new Drug Law Reform Act was the response of the New York State Legislature to a long-time call to amend the so-called Rockefeller drug laws which some have argued were outdated and draconian.
Chapter 738 of the Session Laws of 2004 through Senate Bill S 7802 and Assembly Bill A 11895 amends, adds or deletes various sections of the Correction Law, Criminal Procedure Law, Penal Law and Executive Law. The Governor signed the act on December 14, 2004. Most of the new laws took effect on January 13, 2005 (30 days after signing by Governor) but one section became effective on December 27, 2004 (13 days after signing).
*924 The new laws applicable to the present case are as follows:
Section 16 amended CPL 220.10 (5) (a) (i) to allow a plea to a B felony drug offense from an A-I or A-II drug offense. This new section took effect on December 27, 2004.
Section 36 added Penal Law §§ 70.70 and 70.71 for new guidelines for sentencing of drug offenders.
New Penal Law § 70.70 (3) (a) and (b) (i) set sentence for a second felony drug offender (nonviolent) convicted of a B felony at a determinate term from a minimum of SVa years to a maximum of 12 years and postrelease supervision of a determinate term of a minimum of IV2 years to a maximum of 3 years.
Section 41 specifies effectiveness of the new laws as follows:
Section 41 (e-1). Section 16 (allowing reduction from A-I to B felony) is effective the thirteenth day after the signing, thus, December 27, 2004. There is no language regarding effectiveness for crimes charged prior or after the effective date of the law.
Section 41 (d-1). Section 36 (the new sentencing guidelines for a B second felony drug offender [nonviolent] at a determinate term with postrelease supervision) is effective 30 days after signing (Jan. 13, 2005) and “shall apply to crimes committed on or after the effective date.”
Issues
1. May DLRA § 16 be applied retroactively to allow the defendant herein to plead to a B felony in satisfaction of an A-I felony for a crime committed (June 26, 2004) prior to the effective date of the legislation (Dec. 27, 2004)?
2. May DLRA § 36 (new sentencing guidelines) be applied retroactively to allow the defendant a reduced sentence to a B felony committed (June 26, 2004) prior to the effective date of the legislation (Jan. 13, 2005)?
Findings
Prior to the new laws above, an A-I felony could not be reduced lower than an A-II but an A-II could be lowered to a B.
Under Penal Law § 70.06 (3) (b) and (4) (b), the sentence for a B felony second (nonviolent) offender ranges from a minimum indeterminate of 4V2 years to 9 years to a maximum indeterminate of I2V2 years to 25 years.
Section 16 (CPL 220.10 [5] [a] [i]) is a procedural statute which is silent as to retroactivity to crimes prior to the effective date of December 27, 2004.
*925 Section 36 (Penal Law § 70.70) is a substantive statute which specifies that it is only effective to crimes committed on or after the effective date of January 13, 2005.
There is no question that the crimes that the defendant is charged with under indictment No. 165-04 were committed on June 26, 2004, prior to the earliest effective date herein of December 27, 2004.
The defense argues that this court should apply a retroactive effect to CPL 220.10 (5) (a) (i) (reduction statute) and Penal Law § 70.70 (sentencing guidelines) based on People v Behlog (74 NY2d 237 [1989]).
The defense is in error. (Behlog, supra; People v Oliver, 1 NY2d 152 [1956].)
The general rule is that nonprocedural statutes “are not to be applied retroactively absent a plainly manifested legislative intent to that effect” (People v Oliver, 1 NY2d 152, 157 [1956]).
“There is an exception, however, when the Legislature passes an ameliorative amendment that reduces the punishment for a particular crime . . . The rationale for this exception is that by mitigating the punishment the Legislature is necessarily presumed — absent some evidence to the contrary — to have determined that the lesser penalty sufficiently serves the legitimate demands of the criminal law.” (Behlog, supra at 240.)
The reduction statute (CPL 220.10) is a procedural statute and does not specify whether it is intended to be retroactive.
The sentencing statute (Penal Law § 70.70), on the other hand, is a substantive (nonprocedural) statute which specifies that it is not retroactive to the January 13, 2005 effective date and, thus, does not fit the criteria of Behlog.
Honorable judges in the Empire State are divided on the issue. For instance, Supreme Court Justice Honorable Marcy L. Kahn of Manhattan opined that the sentencing statute was not retroactive in People v Singletary (7 Misc 3d 1004[A], 2005 NY Slip Op 50441[U] [2005]) while Acting Supreme Court Justice Honorable John Cataldo of Manhattan in People v Martinez (7 Misc 3d 1022[A], 2005 NY Slip Op 50699[U] [2005]) and Supreme Court Justice Honorable Seymour Rotker of Queens in People v Murray (7 Misc 3d 636 [2005]) ruled for retroactivity.
*926 Conclusion
This court finds that the sentencing statute evinced in Penal Law § 70.70 is not retroactive to crimes committed prior to the effective date of January 13, 2005 through the manifest intent of the plain language of DLRA § 41 (d-1) that it “shall apply to crimes committed on or after the effective date” and that it is not the province of the trial judiciary to change the clear and unambiguous language of duly enacted law unless its application would effect an unconstitutional, illegal or harmful act.
Based upon the above, it is ordered that defendant Weaver may plead to the B felony in count 2 in satisfaction of the A-I felony in count 1, and it is further ordered that, upon a plea, defendant Weaver’s sentence will be guided by Penal Law § 70.06 which has indeterminate sentencing from a minimum of 4Va years to 9 years to a maximum of I2V2 years to 25 years.