The People of the State of New York, Respondent, 
against
Juan Banos, Appellant. 

Feldman and Feldman (Arza Feldman and Steven A. Feldman of counsel), for appellant.
Queens County District Attorney (John M. Castellano, Johnnette Traill and Kathryn A. A. O'Neil of counsel), for respondent.

Appeal from two judgments of conviction of the Criminal Court of the City of New York, Queens County (Eugene M. Guarino, J.), rendered June 5, 2018. The judgments convicted defendant, upon a jury verdict, of criminal possession of a weapon in the fourth degree, and, upon his plea of guilty, of criminal contempt in the second degree, respectively, and imposed sentences.
ORDERED that the judgment convicting defendant of criminal possession of a weapon in fourth degree is reversed, as a matter of discretion in the interest of justice, the accusatory instrument charging that offense is dismissed, and the fines, if paid, are remitted; and it is further,
ORDERED that the judgment convicting defendant of criminal contempt in the second degree is affirmed.
Defendant was charged in an information with, among other things, criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [1]). It was specifically alleged that defendant had possessed a gravity knife. Subsequently, defendant was charged in a felony complaint with, among other things, three counts of criminal contempt in the first degree (Penal Law § 215.51 [b]) based on an unrelated incident. Thereafter, each felony charge was reduced (see CPL 180.50 [3] [a]) to criminal contempt in the second degree (Penal Law § 215.50), a class A misdemeanor.
The charge of criminal possession of a weapon in the fourth degree was tried before a jury, and, on May 17, 2018, defendant was found guilty of that charge. Prior to sentencing, defense counsel submitted a letter from defendant's employer explaining that defendant is a [*2]laborer and is required to use a small knife to perform his work duties.
On May 29, 2018, defendant appeared with counsel and a Spanish interpreter, and pleaded guilty to one count of criminal contempt in the second degree. During the colloquy, the Criminal Court read the exact language of the criminal contempt statute and defendant confirmed that he had had enough time to discuss the plea with his attorney and that no one had forced him to plead guilty. The Criminal Court informed defendant of the potential deportation and immigration consequences of pleading guilty and that he was giving up various specified trial rights. Defendant stated that he still wished to plead guilty. On June 5, 2018, the Criminal Court sentenced defendant to two concurrent four-month terms of imprisonment.
On appeal, defendant contends that his guilty plea to criminal contempt in the second degree was defective and, thus, was not entered knowingly, voluntarily and intelligently. Defendant argues that, during the colloquy, he never admitted that he was aware that there was an order of protection in effect when the offenses occurred, which omission casts doubt on his guilt. In effect, defendant concedes that this claim is unpreserved for appellate review, but argues that this case falls under an exception to the preservation rule or, in any event, that this claim should be reviewed as a matter of discretion in the interest of justice.
Contrary to defendant's contention, we find no exception to the preservation requirement, since defendant was not immediately sentenced after he pleaded guilty and therefore had an actual and practical ability to object (see People v Williams, 27 NY3d 212, 219-223 [2016] [holding that the defendant had multiple opportunities between adjournments to preserve his challenge to his guilty plea]; cf. People v Conceicao, 26 NY3d 375, 384 [2015] [excusing the defendant's failure to preserve his claim because the totality of the circumstances revealed that the defendant did not have an opportunity to discuss the plea with his attorney or consider its consequences]; People v Louree, 8 NY3d 541 [2007] [excusing the defendant's failure to preserve his claim because the defendant had no practical ability to assert that the plea was invalid prior to the imposition of sentence]).
In any event, defendant's claim is without merit. It is well settled that trial courts "need not engage in any particular litany" when allocuting a defendant (Conceicao, 26 NY3d at 382; see People v Tyrell, 22 NY3d 359, 365 [2013]). A guilty plea will be upheld "[s]o long as the record as a whole affirmatively disclose[s] that a defendant who pleaded guilty entered his [or her] plea understandingly and voluntarily" (Conceicao, 26 NY3d at 383 [internal quotation marks omitted]; see also People v Harris, 61 NY2d 9, 19 [1983]). Here, the record demonstrates that the Criminal Court read the exact language of Penal Law § 215.50 (3) to defendant, and defendant, represented by counsel, admitted to a violation thereof. Consequently, the record as a whole affirmatively discloses that defendant entered his guilty plea knowingly, voluntarily and intelligently.
Defendant also contends, among other things, that the judgment convicting him of criminal possession of a weapon in the fourth degree should be reversed based on the amendment of Penal Law § 265.01 (1), which decriminalized possession of a gravity knife. Defendant argues that the change in the law should be applied retroactively to his case since the change occurred while his case was pending on direct review. In response, the People consent to reversal of that judgment of conviction in light of the amended statute and the decision in Cracco v Vance (376 Supp 3d 304 [SD NY 2019]), in which the District Court ruled that New York's gravity knife [*3]statute as encompassed in Penal Law § 265.01 (1) was unconstitutionally vague.
The prohibition against possessing gravity knives under Penal Law § 265.01 (1) was repealed, effective May 30, 2019. Thus, the question presented is whether, upon this direct appeal, we must follow the prior version of Penal Law § 265.01 (1), which was in effect at the time defendant violated its provisions, or the current, amended Penal Law § 265.01 (1).
The Court of Appeals has long held that nonprocedural statutes "are not to be applied retroactively absent a plainly manifested legislative intent to that effect" (People v Oliver, 1 NY2d 152, 157 [1956]). Here, the legislature did not explicitly state that the amendment should be applied retroactively. While the Court of Appeals has carved out an exception to this general rule when the legislature passes an ameliorative amendment that reduces the punishment for a particular crime (see id. at 158, see also People v Behlog, 74 NY2d 237, 240 [1989] [holding that an amendment to the Penal Law, which increased the minimum value of property stolen required for the crime of grand larceny in the third degree, thereby decreasing the punishment to the lesser crime of petit larceny, was an ameliorative change which should have been applied retroactively to the defendant who had not been sentenced at the time of the amendment's effective date]), the Court of Appeals has distinguished that situation from one in which the law decriminalizes certain conduct. In the latter case, the Court of Appeals noted that, "the 'State may prefer to retain the right to prosecute for the act previously committed in deliberate defiance of the law as it then existed' " (Behlog, 74 NY2d at 242, quoting Oliver, 1 NY2d at 161 n 3).
Notwithstanding the foregoing, the Appellate Division, in People v Caviness (176 AD3d 522 [2019]), reversed the judgment convicting the defendant of possession of a gravity knife as a matter of discretion in the interest of justice because of the particular circumstances presented therein, including the People's consent thereto, and in light of the legislation amending Penal Law § 265.01 (1). Here too, the People consent to a reversal. Consequently, we reverse the judgment convicting defendant of criminal possession of a weapon in the fourth degree as a matter of discretion in the interest of justice (see CPL 470.15 [3] [c]).
Accordingly, the judgment convicting defendant of criminal possession of a weapon in the fourth degree is reversed and the accusatory instrument charging that offense is dismissed. The judgment convicting defendant of criminal contempt in the second degree is affirmed.
ALIOTTA, P.J., ELLIOT and TOUSSAINT, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: June 5, 2020